**Loretta M. SUMMERS, Plaintiff,**

v.

**ALLIS CHALMERS, Defendant.**

**No. 81 C 2722.**

United States District Court, N.D. Illinois, E.D.

March 25, 1983.

Loretta C. Douglas, Chicago, Ill., for plaintiff.

Nina G. Stillman, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This action is before the Court on defendant's motion for summary judgment. For the reasons stated below, defendant's motion is granted.

Plaintiff alleges in her complaint that she has been discriminated against in her employment on the basis of race and sex. In Count I, she alleges that the defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., by failing to promote the plaintiff to the position of Supervisor of Union Relations, and failing to provide training necessary to insure such a promotion.[1] In Count III, plaintiff alleges that the same failures by the defendant constitute a violation of 42 U.S.C. § 1981. Count II contains a claim of retaliatory discharge under 42 U.S.C. § 2000e–3.

### Count I and Count III

The four-part test enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to employment discrimination cases brought under 42 U.S.C. § 2000e and 42 U.S.C. § 1981. *Crawford v. Western Electric Co.,* 614 F.2d 1300, 1315 (5th Cir.1980). This test therefore applies to Count I and Count III. Under *McDonnell Douglas,* to establish a prima facie case of discrimination, the plaintiff must demonstrate: (1) that she was black and a female; (2) that she applied for and was qualified for a job for which her employer was seeking job applicants; (3) that despite her qualifications she was rejected; and (4) that after her rejection the position remained open and the employer continued to seek applicants with her qualifications.

On a motion for summary judgment, the moving party has the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Cedillo v. International Assoc. of Bridge and Structural Iron Workers,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that may be drawn in her favor. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). She may not, however, merely rely upon the allegations in her complaint, nor upon conclusory allegations of discrimination. *Patterson v. General Motors, Inc.,* 631 F.2d 476, 482 (7th Cir.1980). She must affirmatively set forth specific facts in affidavits or otherwise showing that there are genuine material issues of fact which must be decided at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Kirk v. Home Indemnity Co.,* 431 F.2d 554, 560 (7th Cir. 1970).

The plaintiff in this case has failed to meet this burden with respect to two crucial elements of her cause of action. She has not raised a genuine issue of material fact that she was qualified for the position of Supervisor of Union Relations, or that she actually applied for the position.

Plaintiff was employed by the defendant as a Personnel Supervisor at the time she was allegedly discriminated against. She claims to have sought the position of Supervisor of Union Relations. The position description for this job specifies the following educational requirements for the position:

Bachelor's degree in Business Administration or related field or equivalent experience plus specialized training in labor-management relations, labor law and labor history.

Among the "Special Knowledge or Skills" required in the position description are knowledge of union philosophy and practices. The position description further states that desirable prior experience would include 2–4 years labor background.

---

1. The plaintiff specifically alleges that the defendant discriminated against her in the following manner: (1) failing to promote plaintiff to the position of Supervisor of Labor Relations, but instead hired a less qualified male for the position; (2) failing to follow its own company policy in not promoting plaintiff, who was already an employee of defendant and next in line for the position; and (3) intentionally failing to provide a plaintiff with the necessary training to assure her promotion to the position.

Plaintiff, by her own admissions, has demonstrated that she did not possess these required job qualifications. In her deposition, she stated that she has a bachelor's degree in *office* administration, not business administration. Her office administration degree program included courses such as typewriting and shorthand.[2] She admitted in her deposition that she has never completed a single course in labor law, labor-management relations, or labor history, the areas in which specialized training was specifically required in the position description.[3] Thus, she clearly lacked the educational background required by the defendant for the position.

The plaintiff has also stated in her deposition that the duties of the Supervisor of Union Relations included handling union grievances, union problems, contract negotiation, and arbitrations. Yet, in her deposition, plaintiff admitted that she had no experience in any of these areas. She stated that she had never negotiated a collective bargaining agreement or participated in such a negotiation, or even read an entire collective bargaining agreement. She also admitted that she had never participated in an arbitration or in any proceeding leading to an arbitration.

Further, in her position as Personnel Supervisor, she had little exposure to any aspect of labor relations. Her duties involved benefits administration, wage and salary administration for dealerships, training, affirmative action, and some recruiting. She admitted in her deposition that, as Personnel Supervisor, she was not involved in negotiations of the benefit plans that her contact with the union representatives was primarily with the "grievance man," and that she did not attend any grievance proceedings or any formal union-management meetings. She also admitted that any problems with interpretation of the benefit plans were taken over by the labor relations manager. Her duties with regard to the Affirmative Action Program were restricted to salaried employees, and she supervised no union employees. The plaintiff therefore has had no experience of any consequence in the area of labor-management relations or labor law to qualify her for the position of Supervisor of Union Relations. Thus, she clearly failed to satisfy either the educational or experience requirements for the position she allegedly sought. She has therefore failed to raise any genuine issue of fact as to whether she was qualified for the position she allegedly sought. This failure to raise a question of fact as to this crucial element of her cause of action requires dismissal of both Count I and Count III. *Clark v. Chrysler Corp.,* 673 F.2d 921, 930 (7th Cir.1982).

The Court notes that, with regard to plaintiff's specific allegation in the complaint that the defendant hired a less qualified male for the position, a cursory review of the resume of Andrew Bacharach, the person hired for the Supervisor of Union Relations position, reveals that he was unquestionably more qualified than the plaintiff, and that he met all the qualification requirements listed in the position description. Bacharach has a Master's degree in Industrial Relations and experience with his former employer in union relations.[4] Plaintiff has therefore failed to raise any genuine question of material fact to support this specific allegation of discrimination.

In addition to failing to raise a genuine issue of material fact as to whether she was qualified for the position, plaintiff has failed to meet her burden on another crucial element of her discrimination claim. She has failed to raise any genuine question of whether she did in fact apply for the position of Supervisor of Union Relations. By her own admission, plaintiff did not tell her

---

2. Plaintiff asserts that she was able to take some business administration courses while earning her office administration degree.

3. Plaintiff claims to have begun but never completed a 3 hour course in Problems in Industrial Relations at Governor's State University.

4. In her deposition, plaintiff modified her claim that Bacharach was "less qualified" to a claim that she was "as qualified" as Bacharach.

supervisor that she was interested in the position until the position had already been filled. She claims only to have mentioned it to the incumbent in the position, who has stated by affidavit that he does not ever recall telling her supervisor of her interest. Her supervisor also stated by affidavit that he was never told of her interest, and the plaintiff herself has admitted that she did not know whether or not her supervisor had been informed of her interest.

Plaintiff claims that the defendant *should* have known of her interest in labor relations by virtue of the fact that the company once approved a tuition voucher for a course in labor relations, and because she claims to have discussed an interest in "cross training in labor relations" with her former supervisor, who was no longer with the company when the position of Union Supervisor was filled. From these two facts, however, it would be difficult to infer even that the company was aware of her interest in the field of labor relations in general, let alone an interest in this specific position. In fact, the plaintiff admitted that, when her supervisor first assumed his position and they met to discuss her career interests, she indicated an interest only in training. She admitted that she did not mention any interest in the area of labor relations. In light of these admissions, it is clear that the defendant has not raised any genuine question that she ever did in fact apply for the position of Supervisor of Union Relations as specifically required under *McDonnell Douglas.* Plaintiff has therefore failed to meet her burden as to a second essential element of her discrimination claim.

These admissions also demonstrate that there is no merit to plaintiff's specific allegation that the defendant intentionally failed to provide plaintiff with the necessary training to assure her promotion to the position of Supervisor of Labor Relations. Employers are not expected under the law to divine an unspoken interest of an employee in a particular field and then provide appropriate training. Neither are they under an obligation to train the plaintiff to assure her promotion to a specific position within the company.

Finally, with regard to plaintiff's third specific claim in Count I and Count III, that the defendant failed to follow its own company policy by not promoting the plaintiff, who was allegedly "next in line" for promotion to the position of Supervisor of Labor Relations, plaintiff has again demonstrated by her own admissions that there is no evidence to support these claims. Plaintiff has produced no evidence of any company policy which was not applied to her, and she has in fact admitted in her deposition that the company "does not have a policy of promoting from within per se." Plaintiff has also admitted that no one holding her former position of Personnel Supervisor has ever been promoted to the position of Supervisor of Labor Relations. She has further admitted that, even if the company did have a policy of promoting from within the company, another female employee had greater seniority and dealt with unions and hourly employees on a more regular basis than the plaintiff. Plaintiff has therefore failed to produce any evidence of a company policy which has been violated, or of an established line of promotion from her position to the position of Supervisor of Labor Relations. Moreover, even if a promotion policy or line of promotion existed, she has failed to raise a genuine question as to whether she would be "next in line" for the position. Plaintiff has therefore failed to raise any genuine issue of material fact concerning her third specific claim of discrimination.

In light of plaintiff's failure to raise a genuine issue of material fact as to essential elements of a discrimination cause of action, and her failure to support any of the specific claims of discrimination alleged in Count I and III, the Court finds that no triable issue of fact has been presented and that the defendant is therefore entitled to summary judgment on Counts I and III.

■ Further, the Court finds that, even if the plaintiff had raised a genuine issue of material fact as to the essential elements of a prima facie case of discrimination, the

defendant has demonstrated a non-discriminatory business reason for selecting Bacharach for the position of Supervisor of Labor Relations. As discussed above, the plaintiff has not questioned that Bacharach has a Master's degree in Industrial Relations and that he had prior union relations experience. Plaintiff's supervisor confirmed these qualifications, and a review of Bacharach's resume shows that he satisfied the education and experience requirements of the position description, and that his qualifications were superior to the plaintiff's. It is well established that "the desire to hire the more experienced or better qualified applicant is a non-discriminatory, legitimate, and common reason on which to base a hiring decision." *Holder v. Old Ben Coal Co.,* 618 F.2d 1198, 1202 (7th Cir.1980). *See also Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 259, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981). Defendant has established by uncontested facts the non-discriminatory, legitimate reason for hiring Bacharach, that he was more experienced and better qualified. No evidence has been offered by the plaintiff to demonstrate, or from which it could be inferred, that this was a mere pretext for race or sex discrimination. Plaintiff has therefore failed to establish that any triable question of material fact exists in this case even if she had raised a genuine issue of fact as to her prima facie case of discrimination.

### Count II—Retaliatory Discharge

[3, 4] In Count II, plaintiff claims that she was retaliatorily discharged in violation of 42 U.S.C. § 2000e–3. She alleges that she was discharged for filing employment discrimination charges with the Equal Opportunity Employment Commission ("EEOC") and with the Illinois Human Rights Commission ("HRC"), and for filing this action in federal court against the defendant. To establish a prima facie case of retaliation, the plaintiff must demonstrate: (1) participation in a statutorily protected activity: (2) an adverse employment action; and (3) a causal connection between the two. *Smalley v. City of Eatonville,* 640 F.2d 765 (5th Cir.1981); *Whatley v. Metropolitan Atlanta Rapid Transit Auth.,* 632 F.2d 1325 (5th Cir.1980); *Paskuly v. Marshall Field & Co.,* No. 78 C 2528 (N.D.Ill. June 24, 1982). Plaintiff has satisfied the first two elements of this test, since she filed charges with the EEOC and HRC and filed suit in this Court, and since she was discharged twelve days after filing this suit. Plaintiff alleges that the causation element of this test is also met because of the close connection in time between the filing of suit and the discharge.[5] Although the close connection in time between the filing of suit and her discharge may raise a question of fact as to the causal connection between the protected activity and her discharge, summary judgment is appropriate for this claim because the defendant has offered an uncontradicted legitimate business reason for discharging the plaintiff.

The defendant has stated by unchallenged affidavit that the plaintiff was discharged as part of a drastic reduction in force caused by severe economic difficulties at the defendant company. Plaintiff has not contested the fact that she was one of 174 salaried employees reduced in force as of January, 1982, and that she was one of 14 employees discharged at the same time.

---

5. Other matters raised by plaintiff in her affidavit to support her claim of retaliation have been disregarded by the Court because they involve multiple levels of hearsay, conclusory statement or statements beyond the personal knowledge of plaintiff. Defendant has moved by separate motion to strike the affidavit of the plaintiff attached to her opposition to defendant's motion for summary judgment on the grounds that it contains hearsay statements, statements which are not based on the personal knowledge of the affiant, and conclusory statements. Defendant's motion to strike is denied, since the plaintiff's affidavit contains statements which are not hearsay, conclusory, or beyond the personal knowledge of the affiant, but the Court has disregarded all statements which fall into these three inadmissible categories. *First National Company of Clinton, Illinois v. Insurance Co. of North America,* 606 F.2d 760, 766 (7th Cir.1979); *Ashwell & Co., Inc. v. Transamerica Ins. Co.,* 407 F.2d 762, 766 (7th Cir.1969); *State Mutual Life Assurance Co. of America v. Deer Creek Park,* 612 F.2d 259, 264 (6th Cir.1979); *6 J. Moore, Federal Practice,* ¶ 56.22[1].

**38**

Her position was eliminated as part of the reduction in force. In fact, the person whose position she sought was also discharged as part of the reduction in force within four months of the discharge of plaintiff.

The only basis for plaintiff's claim that her discharge was retaliatory, and not merely part of a reduction in force, is that she had work to do when she was discharged, and other employees had to call her with questions about her job after she was discharged. These factual allegations are not inconsistent with defendant's claim that plaintiff was discharged as part of a significant reduction in force. These allegations could be made by anyone who has been discharged as part of a reduction in force, and they do not give rise to a reasonable inference of retaliation. Plaintiff's allegations therefore do not raise a genuine issue of fact as to whether plaintiff's nondiscriminatory reason for discharging plaintiff was pretextual. Since plaintiff has not presented any admissible facts to support a claim that the reduction in force was a mere pretext for a retaliatory discharge, plaintiff has not raised a genuine issue of fact which would require trial of her claim of retaliatory discharge. Defendant is therefore entitled to summary judgment on Count II.

### Conclusion

The Seventh Circuit has aptly noted that, "with the ever increasing burden upon the judiciary, pervasive reasons exist for the utilization of summary judgment procedure whenever appropriate." *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 560 (7th Cir. 1970). In cases such as this, where the plaintiff has not presented any evidence to show that she would ultimately be entitled to recover, summary judgment is singularly appropriate to avoid the waste of the judicial resources and the resources of the parties which trial of the case would require.

Accordingly, summary judgment is granted in favor of the defendants on all three counts of plaintiff's complaint.