840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cornelia D. GARRETT, Plaintiff-Appellant,
v.
DETROIT EDISON COMPANY, Defendant-Appellee.
 No. 86-1257.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cornelia Garrett appeals the decision of the district court granting summary judgment to Detroit Edison Company on her claims of sexual harassment and retaliatory discharge. Garrett argues on appeal that the applicable periods of limitation were met and that there existed a material question of fact with regard to her claim of retaliatory discharge.
 
 
 2
 The relevant facts can be briefly summarized. Cornelia Garrett filed a claim alleging sexual harassment in the workplace and discriminatory or retaliatory termination of employment on December 13, 1983. Garrett sued under Title VII, 42 U.S.C. Sec. 1981, and Michigan's Elliott-Larson's Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.3202, et seq. Garrett's last day physically on the job was February 6, 1981. Garrett alleges that she was subjected to continuous acts of sexual harassment by employees of Detroit Edison Company from the mid-1970's to August, 1980. From February 9, 1980 until June 30, 1981, Garrett was absent from work as the result of an aneurysm. On June 30, 1981, Garrett was terminated.
 
 
 3
 The district court granted Detroit Edison Company summary judgment on the basis that all of Garrett's claims of sexual harassment and discriminatory treatment were barred by the statute of limitations. The court also granted summary judgment as to the claims of wrongful termination on the basis that Garrett's pleadings and facts failed to establish any inference of unlawful conduct.
 
 
 4
 Garrett argues on appeal that the series of sexually harassing acts constitutes a pattern such that if any one incident falls within the applicable statute of limitations, the action is not time barred. See Held v. Gulf Oil Co., 684 F.2d 427 (6th Cir.1981). to find such an incident and thereby preserve her claim, Garrett argues first, that the aneurysm is a result of earlier years of harassment. This court is unconvinced. There is absolutely no medical evidence to support the proposition that Garrett's aneurysm was caused by any of the alleged acts committed by Detroit Edison's employees, and there is no merit to the argument that the discharge constituted sexual harassment. None of the other alleged incidences of harassment occurred after August, 1980--outside the applicable time requirements. Thus, we are unable to support Garrett's attempts to avoid the implications of the statutes of limitations as there is no alleged incident of harassment after August, 1980. We affirm, therefore, the decision of the district court that the complaints of harassment and discrimination are time barred.
 
 
 5
 We do believe, however, that summary judgment was incorrectly granted on Garrett's claim of retaliatory discharge. Detroit Edison has argued that Garrett was dismissed pursuant to its policy of terminating employees who have exhausted their days of paid leave and who are unable to return to work. Detroit Edison has admitted, however, that the decision to grant unpaid leaves of absence to such employees involves an exercise of discretion. Garrett has maintained that she was terminated not because of company policy but in retaliation for protesting various incidences of sexual harassment.
 
 
 6
 We have long recognied that issues of intent or motive represent issues of material fact improper for disposition on summary judgment. Fed.R.Civ.P. 56(c). Smith v. Hudson, 600 F.2d 60 (6th Cir.1979), cert dismissed, 444 U.S. 986 (1979). this is especially so in discrimination cses where "questions of intent or motive [that] are particularly ill-suited for [such] disposition" are often involved. Leonard v. City of Frankfort Elec. and Water Plant, 752 F.2d 189 (6th Cir.1985). Such litigants should not be denied their day in court when there is a dispute over the basis or the intent of the employer's actions.
 
 
 7
 In this case, we believe Garrett has established a prima facie case. A prima facie case is made by an employee who shows that she engaged in a protected activity, that she was subsequently subjected by her employer to adverse employment action, and that a causal link existed between the two events. Yates v. Avco Corp., 819 F.2d 630, 638 (6th Cir.1987). There is no dispute that the first two requirements have been met. As for the third, both Garrett and Detroit Edison challenge the other;s characterization of the cause of the dismissal. Detroit Edison claims Garrett's allegations of retaliatory discharge are unfounded; Garrett claims that Detroit Edison's defense of corporate policy is pretext. Such a dispute of fact precludes summary judgment.
 
 
 8
 There is at least some basis from which to infer that the decision to terminate Garrett may have been influenced by her protests of sexual harassment. While we are mindful that the longer the period between the protected acts of protest and the date of discharge the weaker the inference of causation, we do believe there is a sufficient nexus under the totality of the circumstances present here to survive Detroit Edison's motion for summary judgment. The question of causation, that is, the employer's motive for dismissing Garrett is one of fact and is not appropriate for summary judgment on the particular facts of this case. We reverse and remand Garrett's claim of retaliatory discharge, and we affirm the other issues in the case.
 
 
 9
 BOGGS, Circuit Judge, concurring in part and dissenting in part.
 
 
 10
 Based on the record before us, there is no question that a number of outrageous and probably illegal actions were taken by employees of Detroit Edison against Cornelia Garrett. As my colleagues correctly rule, the statute of limitations on all of these events had clearly run before Garrett filed suit. There is no evidence in the record that any sexual harassment occurred after August 1980. However, despite its holding that Garett's termination was not an act of sexual harassment by Detroit Edison, the court goes on to leave a window for Garrett's Title VII suit by holding that a prima facie case of retaliatory discharge may be predicated solely on the fact that Garrett was fired on June 30, 1981, about ten months after the last protected activity. Hence, the basis for my partial dissent.
 
 
 11
 There are cases which hold that a firing or other adverse action may by implication be causally related to earlier protected activity. When the adverse action occurs shortly after the protected activity, courts have held that a prima facie case of retaliatory discharge may be established, even when no affirmative evidence of any retaliatory animus exists in the record. However, I believe that the court misreads the reach of those cases and extends the time for such a prima facie case in an essentially open-ended manner. The cases which have permitted a prima facie case based only on nearness in time to protected behavior have involved relatively short periods of time, all less than six months, with one exception. See, e.g., Miller v. Farchild Industries, Inc., 797 F.2d 727, 731-32 (9th Cir.1986) (two months); Love v. Re/Max of America, Inc., 738 F.2d 383, 386 (10th Cir.1984) (two hours); Grant v. Bethlehem Steel Corp., 622 F.2d 43, 46 (2d Cir.1980) (two months); Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir.1980) (twenty days); Summers v. Allis Chalmers, 568 F.Supp. 33, 37 (N.D.Ill.1983) (twelve days). But see Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F.Supp 318, 324-25 (D.Mass), aff'd, 545 F.2d 222 (1st Cir.1976) (two years).
 
 
 12
 On the other hand, this court, in Cooper v. City of North Olmsted, 795 F.2d 1265, 1276 (6th Cir.1986), held that "[t]he mere fact that Cooper was discharged four months after filing a discrimination claim is insufficient to support an interference [sic] of retaliation." See, e.g., Brown v. ASD Computing Center, 519 F.Supp. 1096, 1116-17 (S.D.Ohio 1981), aff'd sub nom. Brown v. Mark, 709 F.2d 1499 (6th Cir.1983). Brown involved a firing three to four months after the employer knew plaintiff was complaining to the EEOC. The court there declared:
 
 
 13
 While this Court makes no determination of the precise time span beyond which an inference of retaliation may not be created, the period involved herein does not provide the inference necessary to establish a prima facie case of retaliation. In this regard, the Court notes that the inference of retaliation which arises through timing is not provided for in Title VII, but is merely an attempt used by Courts, most notably Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F.Supp. 318 (D.Mass.1976), aff'd. 545 F.2d 222 (1st Cir.1976) (Hochstadt) to adapt the order and allocation of proof outlined in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to cases involving retaliation. Hochstadt, 425 F.Supp. at 324. This Court agrees with the utility of such an inference but would hesitate to expand its scope, particularly in a case such as the present, where there are no other indicia of retaliation. Thus, as the undisputed facts pertaining to Plaintiff's protected activity and her subsequent discharge neither establish a retaliatory motive, nor are so connected in time as to create an inference of retaliation, the evidence fails to establish a prima facie case of retaliation.
 
 
 14
 Brown, 519 F.Supp. 1116-17.
 
 
 15
 While the impulse to provide some redress to a wronged party who has missed the statute of limitations is indeed strong, I cannot agree with out essentially open-ended extension of the rule regarding causal connection between protected activity and subsequent adverse action for retaliatory discharge claims. If Garrett has established an inference of retaliatory discharge here, when her termination was more than 10 months after the last protected activity, and with no intervening affirmative evidence of any retaliatory animus,[1] where may a line be drawn? I cannot agree with the court that the "totality of the circumstances present here" justifies its holding that a prima facie case of retaliatory discharge had been made out by Garrett. I do not believe that Title VII's statute of limitations on sex discrimination claims may, in effect, be abolished by loosening the requirements for a prima facie case of retaliatory discharge, so that such a case is established whenever there has been any pre-existing (but time-barred) discrimination, followed by an adverse action, in the absence of any affirmative evidence of retaliatory animus.
 
 
 
 [1]
 All of the evidence indicates that when Garrett's situation was called to management's attention in August 1980, prompt disciplinary action was taken against the perpetrators, and all harassment ceased. While we cannot exclude the theoretical possibility that management harbored retaliatory animus despite its directly contrary actions, not even a prima facie case can be based on the impossibility of negating the existence of such totally silent feelings