Milton KARCHIN, Plaintiff,

v.

Sen. Howard METZENBAUM,
Defendant.

No. C83–1398.

United States District Court,
N.D. Ohio, E.D.

June 28, 1983.

Milton Karchin, pro se.

Michael Davidson (Senate Legal Counsel), M. Elizabeth Culbreth, Charles Tiefer, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

BELL, District Judge.

Plaintiff Milton Karchin (hereinafter Karchin) filed suit in the Lyndhurst Municipal Court on December 21, 1982, against defendant Senator Howard Metzenbaum (hereinafter Metzenbaum). Upon motion filed March 31, 1983 by Metzenbaum pursuant to 28 U.S.C. § 1442(a) the case was removed to this court.

In Karchin's December 21, 1982 statement of claim to the Lyndhurst Municipal Court he alleged "incompetent handling of private/confidential letter to him resulting in letter coming into hands of man who heads the department I work in and he suspended me [sic]." The *pro se* complaint filed with this court May 5, 1983 reasserts the aforementioned claim and further asserts that not only were plaintiff's constitutional rights to petition members of Congress and to be secure in his papers violated but that Metzenbaum failed in a duty to warn constituents that mail received by his office might not be kept confidential.

Currently pending before the court in this matter is Metzenbaum's motion for summary judgment. In reviewing motions for summary judgment, the court must consider the pleadings, related documents and evidence, and all reasonable inferences therefrom in the manner most favorable to the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979). In addition to the pleadings and exhibits, the evidence in this case includes office records, and affidavit testimony by members of defendant's staff, Peter Harris, Donald Sarff, and Lisa Har-

ris. A summary of this evidence, construed most favorably to Karchin follows.

Mr. Karchin is currently employed as a GL3 clerk with the Defense Logistics Agency, Defense Contract Administration Services Region of Cleveland (hereinafter DLA–DCASR). He has made numerous attempts over a period of years to secure a higher level of government employment.

In July of 1982, Karchin submitted an application for an administrative clerk's position to the local Army Recruiting Command Office. Another candidate was chosen, whereupon Karchin wrote to Major James Williams, Executive Officer, requesting rating sheets. Having received no response to his request, plaintiff sent a letter dated September 19, 1982 to Metzenbaum in which he asked that Metzenbaum investigate the matter and attempt to procure the rating sheets for him. Additionally, the letter expressed plaintiff's conviction that questionable hiring and promotion practices in federal agencies influenced his opportunity for employment in those agencies. Plaintiff further addressed himself to the issue of waste in the Defense Department and noted, by way of illustration, two travel vouchers which had been approved in his department and to which he objected. He attached copies of the vouchers to his letter. The vouchers included the names, addresses, and social security numbers of the parties who had submitted them.

Donald Sarff, Metzenbaum's chief caseworker, forwarded Karchin's letter with exhibits attached to the office of the Secretary of the Army in Washington with a request that the matter of Karchin's rejection from the clerk's position be reviewed. Sarff, following standard procedure, affixed Metzenbaum's signature to the inquiry.

Major Matthews, Deputy, Congressional Inquiry Division, responded on October 5, 1982 that an appropriate inquiry was being made. On October 25, 1982, Karchin's letter was received at the United States Army Cleveland District Recruiting Command Office along with a request for technical assistance from Lieutenant Colonel Welch at the Headquarters of Army Recruiting in Sheridan, Illinois.

Subsequently, plaintiff received a notice of proposed suspension from the DLA–DCASR dated November 12, 1982, in which it was alleged that by reproducing and disclosing travel vouchers, he had violated the DLA–DCASR's Standards of Conduct, DLAR 5500.1 Enclosure 3, paragraph VIII F, Department of Defense Directive 5400.-1(G)(9)(a), and the Privacy Act of 1974, 5 U.S.C. 552a(b). The notice was signed by R.L. Mattingly, Director, Systems and Financial Management.

The suspension notice was followed on November 15th by a letter from Mattingly explaining his actions and reminding Karchin of his obligations under Directive 5400.11(G)(9)(a) to refrain from disclosing without authorization personal information contained in any system of records. Karchin obtained an attorney to defend him against the proposed disciplinary sanctions.

Defendant has asserted that he is entitled to summary judgment on three grounds. First, that defendant is immune from suit. Further, that plaintiff has failed to state a cause of action from which relief can be granted, and finally, that the handling of Karchin's letter by Senator Metzenbaum's office was proper.

■ A liberal standard is to be applied to *pro se* complaints. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); and Rule 8(f) of the Federal Rules of Civil Procedure which requires that the pleadings be construed to do "substantial justice." Despite application of a liberal standard in the instant case, the court finds no legal basis upon which a claim for relief may be granted.

■ "Incompetence" is not a cause of action recognized by law. Karchin may prefer that the standard procedures in defendant's office be other than what they are. However, to bring a successful suit plaintiff must present the court with evidence that such methods are a violation of statute or rule and are not merely discre-

tionary. Plaintiff has cited no violation whereas defendant has presented the court with evidence in the form of affidavits (Exhibits A–C in support of defendant's Motion for Summary Judgment) and office records, (Exhibits D and H) that the procedure followed by Metzenbaum's office with regard to Karchin's letter was standard practice and a proper exercise of discretion.

Karchin is correct in his assertion that he has a constitutionally guaranteed right to petition members of Congress. That right was exercised when he wrote to Senator Metzenbaum. However, complainant's right to petition members of Congress is not the same as his right to have the letter read by Metzenbaum only and to have the information contained therein be held in confidence. *Trueman E. Chase v. Hon. Edward M. Kennedy,* 605 F.2d 561 (9th Cir.1979).

Further, there has been no violation of Karchin's fourth amendment right to be secure in his papers. The court takes notice that the amendment has been interpreted both legislatively and judicially as a protection for citizens against unwarranted search and seizure. Plaintiff has not brought to the court's attention any rule or statute by which a citizen is protected from the forwarding of mail, particularly mail which has not been designated as confidential.

Plaintiff argues that there is a duty to warn constituents that letters may be read by a person other than the addressee. He has not offered the court a source in case law or statute from which that duty derives and the court is not cognizant of any such legal obligation. Defendant's evidence (Exhibits A, B, C, D, and H in support of the motion for summary judgment) indicates that the procedure followed with regard to Karchin's letter is so standard, and has been for such length of time that constituents may be presumed to know that their letters might be read by staff members or third parties to whom the letters might be referred. Since Karchin has shown no violation of his constitutional rights nor any legal source out of which a duty to warn

arises, he has failed to state a claim upon which relief may be granted.

■ Moreover, Metzenbaum is immune from suit. He is a United States Senator. He and his staff perform an official function in dealing with letters from constituents. They act within the scope of their discretionary authority.

■ Karchin argues that there are cases in which governmental immunity has not been found, citing *Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). There the Supreme Court refused to find absolute immunity for the president in a civil action. The circumstances before us in this cause involve a qualified, or limited, immunity. The immunity defense which may be raised by a government official is limited to protection against challenges to his conduct while performing an official function and with no violation of clearly established law. This is the two-prong test of qualified immunity set forth by the Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The test is objective, the legal reasonableness of an official's acts as measured by law. Where legal grounds for a complaint exist the defense will fail. In the instant case, however, official conduct has not been shown to have violated clearly established statutory or constitutional rights of which a reasonable person would have known and the defense does not fail.

In *Donohoe v. Watt,* 546 F.Supp. 753 (D.D.C.1982), the court applied the *Harlow* test. Transmission of plaintiff's correspondence to his private employer for informational purposes was found to be an appropriate function and thus satisfied the first requirement. The second inquiry was the extent to which the official reasonably could have known that his conduct would violate clearly established law. There, as here, no legislative or judicial foundation for the claim was presented. The defendant in *Donohoe* was found to be protected from suit by virtue of a qualified immunity.

The facts are not disputed by the parties in this case and there has been no showing that Metzenbaum's conduct was contrary to law.

Accordingly, Metzenbaum's motion for summary judgment is hereby granted and this action is dismissed pursuant to Fed.R. Civ.P. 12(b)(6).

IT IS SO ORDERED.