William Butler SMITH et al.,
Plaintiffs-Appellants,

v.

Leman HUDSON et al.,
Defendants-Appellees.

No. 77–1240.

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1979.
Decided June 21, 1979.

J. Stanley Rogers, Rogers & Parsons, Michael Vaughn, Manchester, Tenn., for plaintiffs-appellants.

Michael D. Galligan, McMinnville, Tenn., W. Henry Haile, Nashville, Tenn., for defendants-appellees.

Before WEICK, LIVELY and KEITH, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court granting the defendants' motion for summary judgment. The plaintiffs are four bus drivers formerly employed by the defendants. The defendants are the members of the Warren County, Tennessee school board and the school system's transportation supervisor. The plaintiffs claim that their employment was terminated, or they were not rehired, in retaliation for their continued prosecution of a lawsuit in state court in an effort to obtain higher wages. The plaintiffs contend that the defendants' action violated their first amendment rights.

The principal issue in this appeal is whether the District Court erred in granting summary judgment under Fed.R.Civ.P. 56 where the plaintiffs offered no timely response to the defendants' motion. In addition, the defendants assert that the plaintiffs' notice of appeal was not timely filed and that this Court lacks jurisdiction over the appeal. Addressing the jurisdictional issue first, we are of the opinion that the plaintiffs' notice of appeal was timely filed. On the Rule 56 question, we are of the opinion that the District Court should have decided this case on its merits and ought not to have granted summary judgment.

## I

■ The defendants claim that this Court's jurisdiction was not properly invoked because the plaintiffs' notice of appeal was not filed in a timely manner under Fed.R.App.P. 4(a). *Lindsey v. Perini,* 409 F.2d 1341 (6th Cir. 1969) (per curiam). Rule 4(a) requires a notice of appeal to be filed within 30 days of the entry of judgment. This time period ceases to run, however, if any one of several postjudgment motions is filed with the District Court. This list includes a motion under Fed.R.Civ.P. 59(e) seeking to alter or amend a judgment. If a Rule 59(e) motion is filed, a new 30 days filing period commences to run once the District Court enters an order granting or denying the motion. Fed.R.App.P. 4(a); *see amended* Fed.R.App.P. 4(a)(4), 47 U.S. L.W. 4486 (May 1, 1979).

The pertinent docket entries in this case are as follows:

Dec. 27 Defendants' motion for summary judgment, affidavits in support filed. Service by counsel.

1977

Jan. 11 Memorandum Opinion and Order, Neese, D. J., granting defendants' motion for summary judgment filed. Service by clerk.

Jan. 14 Plaintiffs' motion to reconsider and vacate memorandum opinion and order filed. Service by counsel.

Jan. 25 Memorandum Opinion and Order, Neese, D. J., filed. The application of the plaintiffs for an alteration or amendment of, or relief from, the judgment herein of January 17, 1977 is overruled. Service by Clerk.

Feb. 24 Notice of appeal by plaintiffs filed. Service by Counsel.

The Memorandum Opinion contained no order. It treated defendants' motion as one filed under Rule 59(e) and ended with the following statement: "Judgment will enter that plaintiffs take nothing from the defendants". The defendants concede that if the motion was one to alter or amend a judgment under Rule 59(e), then the filing of the notice of appeal was timely because it was within 30 days of the filing of the

District Court's order denying relief under Rule 59(e). The defendants argue that the plaintiffs' motion could not properly have been treated under Rule 59(e), however, because it was made prior to the entry of judgment, and thus could not have been a motion "to alter or amend a judgment." This argument in our opinion lacks merit.

■ First, we recognize that Rule 59(e) contemplates that motions will normally be made following the entry of judgment. The Rule provides:

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

It is not unusual, however, for a putative Rule 59(e) motion to predate the formal entry of judgment. This is due to the fact that Fed.R.Civ.P. 58 requires that judgments be entered in a document that is separate from the Court's memorandum opinion. Thus in *Jetero Const. Co., Inc. v. South Memphis Lumber Co.,* 531 F.2d 1348, 1351 (6th Cir. 1976), we held that it was proper for the District Court to entertain a motion to alter or amend a judgment under Rule 59(e) even though it was filed prior to the actual entry of judgment. Thus in this case the plaintiffs' motion cannot be read out of Rule 59(e) solely because it was prematurely filed.

■ Second, although denominated as a "motion to reconsider and vacate," we believe that the District Court did not abuse its discretion in treating the motion, *inter alia,* as one under Rule 59(e). The Court correctly observed that the Federal Rules do not contemplate motions to "reconsider and vacate." Other courts have held, however, and we agree, that a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment. *See, e. g., Sonneblick-Goldman Corp. v. Nowalk,* 420 F.2d 858 (3d Cir. 1970); *Gainey v. Brotherhood of Ry. & Steamship Clerks, etc.,* 303 F.2d 716 (3d Cir. 1962); *Steward v. Atlantic Refining Co.,* 235 F.2d 570, 572 (3d Cir. 1956). *But see Erickson Tool Co. v. Balas*

*Collet Co.,* 277 F.Supp. 226, 234 (N.D.Ohio 1967), *aff'd on other grounds,* 404 F.2d 35 (6th Cir. 1968).

We are of the opinion that the better practice would have been for the District Court to have entered judgment with the filing of its opinion. See *Jetero Const., supra,* 531 F.2d at 1351. We in no way condone the sloppy practice of counsel for plaintiffs in this case.[1] We simply hold that the errors of counsel were not of a type that would require us to visit the consequences of those errors upon his clients. *Cf. Jackson v. TVA,* 595 F.2d 1120 (6th Cir. 1979) (per curiam) (ambiguities in the procedural posture of a case should be resolved in favor of finding jurisdiction).

## II

The plaintiffs contend that the District Court erred in granting summary judgment under Fed.R.Civ.P. 56(c) because the discovery materials filed in the District Court show the existence of a genuine dispute concerning a material issue fact. In response, the defendants offer two arguments in support of the District Court's decision. First, they maintain that the District Court was not obligated to search the entire record in this case when, (1) the materials offered in support of the motion showed that no disputed factual issue was present, and when (2) the plaintiffs offered no timely response in opposition to the motion. Second, the defendants contend that even if one examines the entire record, there is no genuine dispute requiring a trial on the merits. We disagree with both of the defendants' arguments.

### A

Rule 56(c) governs the disposition of motions for summary judgment. It provides:

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. [emphasis supplied]

Although summary judgment is a useful and often efficient device for deciding cases, it must be used only with extreme caution for it operates to deny a litigant his day in court. *Poller v. Columbia Broadcasting,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Tee-Pak, Inc. v. St. Regis Paper Co.,* 491 F.2d 1193, 1196 (6th Cir. 1974). Thus on a motion for summary judgment the movant has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold,* 369 U.S. 654, 655 (1962) (per curiam); *United States v. Articles of Device, etc.,* 527 F.2d 1008, 1011 (6th Cir. 1976); *see Ott v. Midland Ross Corp.,* 600 F.2d 24, at —— —— & n. 3 (6th Cir. 1979). Indeed, we have previously held that while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962); *see* 6 Moore's Federal Practice ¶ 56.15[5], at 56–472 (2d ed. 1976).

---

1. The record in this case is replete with evidence of instances where plaintiffs' counsel failed to adhere to the applicable rules of either practice or procedure. In addition to filing a motion which is not provided for by the rules, counsel made no initial response whatever to the defendants' motion for summary judgment.

We believe that it is likely that this particular appeal could have been avoided, and that this case could have been properly resolved on the merits long ago if plaintiffs' counsel had shown proper concern for matters of practice and procedure.

On its face, Rule 56(c) is plain. It directs the District Court, in deciding whether to grant summary judgment, to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any . . . ." The defendants in this case supported their motion with affidavits from several of the board members and from the transportation supervisor. They also pointed to the minutes of several board meetings, the pleadings in the state suit, a transcript made from the tape recordings of one board meeting, and a transcript of a surreptitiously recorded conversation between the defendant transportation supervisor and a nonparty bus driver. The defendants did not, however, point to any of the previously filed depositions of the plaintiffs (which had been taken by the defendants), or any of the filed answers to interrogatories.

■ We believe that under 56(c) the District Court was obligated to consider not only the materials specifically offered in support of the motion, but also all "pleadings, depositions, answers to interrogatories, and admissions" properly on file and thus properly before this court. *See Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir. 1976); *Radobenko v. Automated Equip. Corp.,* 520 F.2d 540, 543 (9th Cir. 1975); *Day v. UAW Local 36,* 466 F.2d 83, 86 (6th Cir. 1972). *But see Faulkner v. Baldwin Piano & Organ Co.,* 561 F.2d 677, 683 (7th Cir. 1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978). We do not think that this is an unreasonable burden to place on the District Court. Rule 56(c) simply requires the District Court to review the entire record before deciding whether to render a decision on the merits. This is no different than the obligation placed on the court following a full trial on the merits, and the litigants are entitled to no less.

■ In an effort to avoid the thrust of Rule 56(c), the defendants have argued that when the plaintiffs failed to offer a timely response, Rule 56(e) mandated the granting of summary judgment. Rule 56(e) provides:

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* [emphasis supplied]

First, it must be observed that the Supreme Court has expressly rejected the motion that Rule 56(e) in any way alters the basic standard stated in Rule 56(c) for granting summary judgment. *Adickes v. Kress & Co., supra,* 398 U.S. at 159, 90 S.Ct. 1598; *see* 6 Moore's Federal Practice, *supra,* ¶ 56.-22[2] at 56–1335–38. A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant. *Adickes v. Kress & Co., supra,* 398 U.S. at 160, 90 S.Ct. 1598; *McDonnell v. Michigan Chapter No. 10,* 587 F.2d 7, at 9 (6th Cir. 1978); *Fitzke v. Shappell,* 468 F.2d 1072, 1077–78 (6th Cir. 1972); Advisory Comm. Note to 1963 Amendment to Rule 56(e). In the language of Rule 56(e), summary judgment is only "appropriate" when the standard outlined in Rule 56(c) is met. *See Andersen v. Schulman,* 337 F.Supp. 177, 181–82 (N.D.Ill.1971); 6 Moore's Federal Practice, *supra,* ¶ 56.22[2] at 56–1346.

The thrust of Rule 56(e) is that a party may not simply rest on the allegations in his pleadings in opposing a motion for summa-

ry judgment. *Adickes v. Kress & Co., supra,* 398 U.S. at 159 n. 19, 90 S.Ct. 1598. Plaintiffs are not entitled "to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial . . ." *First National Bank v. Cities Service,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). Thus in *R. E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415 (6th Cir. 1975) (per curiam), we held that summary judgment was proper where the facts alleged in the complaint were directly contravened in the affidavits supporting the defendants' motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit, or other document on file, except the pleadings. *Accord, Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273 (6th Cir. 1974) (per curiam); *Daily Press, Inc. v. United Press Int'l,* 412 F.2d 126, 134 (6th Cir.), *cert. denied,* 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969); *see James R. Snyder Co. v. Edward Rose & Sons,* 546 F.2d 206, 209–10 (6th Cir. 1976); *Ruzicka v. General Motors Corp.,* 523 F.2d 306, 313 (6th Cir. 1975); *Sayre v. City of Cleveland,* 493 F.2d 64, 70 (6th Cir.), *cert. denied,* 419 U.S. 837, 95 S.Ct. 65, 42 L.Ed.2d 64 (1974); *cf. Day v. UAW Local 36, supra,* 466 F.2d at 86 (under Rule 56(c) plaintiff's complaint is to be taken as true unless controverted by discovered materials).

■ Thus even though the plaintiffs offered no timely response to the defendants' motion for summary judgment, the District Court could not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c).

In this case, as noted above, the substance of the plaintiffs' claim on the merits is that the members of the school board and the school system's transportation supervi-

sor acted to dismiss, or not rehire, the plaintiffs in retaliation for their refusal to drop a lawsuit in state court. This is alleged to have violated the plaintiffs' first amendment rights. *See NAACP v. Button,* 371 U.S. 415, 429–31, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

In its memorandum opinion, the District Court arrived at the following conclusion as regards transportation supervisor Hutchins:

> The county transportation supervisor, the defendant Mr. Norman Hutchins, submitted his uncontroverted affidavit stating that his decision not to recommend to the board of education the renewal of the plaintiffs' contracts was not in any fashion in retaliation for their involvement in the aforementioned lawsuits. The plaintiffs failed to show they have any countervailing evidence to offer on this issue; thus Mr. Hutchins could not be liable herein.

The plaintiffs thereupon submitted their "motion to reconsider and vacate" which specifically pointed, *inter alia,* to pages of plaintiff Smith's deposition and his supplemental answer to Interrogatory number 9. These documents showed that Hutchins and Smith had met to discuss the situation of the bus drivers prior to Hutchins' recommendations to the school board on hirings, and in the discussions Hutchins made a statement that appears to be inconsistent with his affidavit. Smith's supplemental answer to Interrogatory number 9 is substantially to the same effect.[2] Hutchins' affidavit specifically denied that he ever acted in retaliation for the plaintiffs' refusal to drop their state court suit. If the court had tried the case on its merits it could have resolved this apparent conflict.

The District Court in denying the plaintiffs' motion to reconsider and vacate relied on Rule 56(e) and the fact that the plaintiffs had offered no affidavits in response

---

2. We also note that the transcript of the school board meeting of August 15, 1975 contains a similar explanation by Smith of his meeting with Hutchins. Hutchins offered the board a somewhat different version of the same meeting. This transcript was among the materials that were actually submitted to the Court in

support of the motion for summary judgment. The parties have not argued, however, and accordingly we do not decide, whether this transcript could be considered by the District Court under Rule 56(c). *See generally* 6 Moore's Federal Practice, *supra,* ¶ 56.11[1.–8].

to those presented in support of the motion. The Court did not specifically refer to the depositions and answers to interrogatories pointed to by the plaintiffs. It could not resolve any conflict on summary judgment. As explained above this constituted reversible error.

### B

■■ Viewing the discovery materials in the light most favorable to the plaintiffs, we believe that the admission attributed to Hutchins raises a genuine issue concerning whether Hutchins and the various board members acted with improper motive. It has often been stated that cases involving questions of motive or intent are normally not suited to disposition on summary judgment. *E. g., First National Bank, supra,* 391 U.S. at 284–85, 88 S.Ct. 1575; *White Motor v. United States,* 372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963); *Poller v. Columbia Broadcasting, supra,* 368 U.S. at 473, 82 S.Ct. 486; *see Sartor v. Arkansas Gas Corp.,* 321 U.S. 620, 627–29, 64 S.Ct. 724, 88 L.Ed. 967 (1944). We believe that this is such a case. We do not think that the denials of Hutchins and of the various board members, or even the members' voting records, showed conclusively that there was no issue of fact present regarding the motive for their collective action in not offering the plaintiffs continued employment.[3]

The judgment of the District Court is reversed and the case is remanded for trial.

---

**3.** The District Court granted summary judgment in favor of board member Eugene Bess on the ground that he was not present at certain board meetings. In light of the fact that he was present at most of the earlier meetings during the course of the long standing dispute with the bus drivers, we are not convinced that it was conclusively shown that he did not participate in the allegedly illegal action.