**Deborah DOE, et al., Plaintiffs,**

v.

**Lloyd W. BURWELL, et al., Defendants.**

**No. C–1–81–415.**

United States District Court,
S. D. Ohio, W. D.

March 25, 1982.

Elinor Alger, Bruce A. Campbell, ACLU of Ohio Foundation, Inc., Columbus, Ohio, Mark I. Soler, Loren Warboys, Juvenile Justice Legal Advocacy Project, San Francisco, Cal., for plaintiffs.

E. Joel Wesp, Columbus, Ohio, for Burwell.

John K. Issenmann, Stephen A. Bailey, Cincinnati, Ohio, for Burwell, Malone, Lambert and Baker.

## OPINION AND ORDER DENYING DEFENDANT HIERONIMUS' MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This is a class action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief and damages brought by juveniles who have been incarcerated in the Lawrence County Jail, allegedly in violation of their civil and statutory rights. The defendants are the Lawrence County Juvenile Court Judge, the Lawrence County Commissioners, and the Lawrence County Sheriff.

The case is presently before the Court on the motion of defendant Lawrence County Sheriff, Daniel Hieronimus, for summary judgment as to plaintiff Doe's claim for damages resulting from her exposure, while incarcerated, to allegedly unlawful practices and conditions in the jail which resulted in her being subjected to a sexual battery by a male jailer who was under Sheriff Hieronimus' supervision (doc. 33). Plaintiffs have filed a memorandum in opposition to this motion (doc. 36). The Court, for the reasons stated herein, finds that Sheriff Hieronimus' motion is not well-taken and must be denied.

The basis for Sheriff Hieronimus' motion is his allegation that the sexual battery to which plaintiff Doe was subjected was an isolated incident which resulted solely from the conduct of one male jailer. Sheriff Hieronimus was not present when this incident occurred, and he had no knowledge of it. Defendant avers that absent a showing of direct participation by the Sheriff or a showing that the battery was a result of a pattern or custom which had received his formal approval, or of gross negligence on the Sheriff's part, the Sheriff could only be found liable under a theory of *respondeat superior*, which theory is not cognizable under 42 U.S.C. § 1983.

Defendant is correct in his general statement of the law. The doctrine of *respondeat superior* cannot be a basis for liability under 42 U.S.C. § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 611 (1978). And, the Sixth Circuit has recently held that a showing of simple negligence in supervising, training or controlling employees will not support liability on the part of supervisory officials. *Hays v. Jefferson County, Kentucky*, 668 F.2d 869 (6th Cir. 1982). The Court in *Hays* also stated that liability of a supervisory official may be premised upon gross negligence which includes "actions or failures to act which, though not intended to harm the plaintiff, were so likely to violate plaintiffs' rights and cause them injury that the harm was 'substantially likely to result,' ..." *Hays v. Jefferson County, supra*, at 873, *citing Rheuark v. Shaw*, 477 F.Supp. 897 (N.D.Texas 1979). The *Hays* Court went on to state:

> The result of *Rizzo* [*Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976)] and subsequent cases in the lower federal courts applying the standards it announced is that a failure of a supervisory official to supervise, control, or train the offending individual officers is not considered actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Id.* at 873, 874.

■ The Court interprets this language to mean that a supervisory official's failure to act to correct harmful conditions which are substantially likely to violate a plain-

tiff's rights may constitute an implicit acquiescence in or approval of employee conduct resulting from those conditions.

 As this Court understands plaintiff's theory of defendant Hieronimus' liability, it is that he, although the person directly responsible for plaintiff's safety, rights and well-being, nonetheless operated his jail in knowing violation of plaintiff's rights and maintained conditions in the jail which, both by themselves and in view of past incidents, were substantially likely to result in harm to plaintiff. Plaintiff has attached an affidavit to her memorandum in opposition from a juvenile corrections expert which states that given the environment in which juveniles were incarcerated in the Lawrence County Jail, for which the Sheriff bore direct responsibility, there was a substantial likelihood that juveniles would suffer harm in several ways, one of those being the manner in which plaintiff was harmed.

In view of this affidavit, the Court finds that there is a genuine issue of material fact as to whether the Sheriff's role in the sexual battery on the plaintiff was one of simple negligence in inadequate supervision or whether it amounted to gross negligence as a reckless failure to correct a situation which was substantially likely to result in the harm complained of and to violate plaintiff's rights. Since the Court may not make findings of disputed issues of fact on a motion for summary judgment, *Smith v. Hudson*, 600 F.2d 60 (6th Cir.) *cert. dismissed* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), and since there is a material issue of fact in dispute, the Court finds defendant Sheriff Hieronimus' motion to be inappropriate, and it is denied.

SO ORDERED.