779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT H. STEINMETZ; RONALD HILDERBRAND; AND DENNIS MILLER,
Plaintiffs-Appellants,
v.
KENOSHA AUTO TRANSPORT, Defendant-Appellee.
 84-3195
 United States Court of Appeals, Sixth Circuit.
 10/9/85
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MERRITT and CONTIE, Circuit Judges; and DeMASCIO, District Judge.*
 
 
 2
 These three plaintiffs, employees of the defendant-truck delivery company, appeal from a district court judgment granting the defendant's motion for summary judgment in plaintiffs' suit alleging a denial of seniority rights due to certain actions taken by their employer.
 
 
 3
 Upon review of the district court record and of the arguments presented in the parties' briefs, this Court concludes that the district court properly granted summary judgment for the defendant for the reasons given by it in its memorandum opinion. Plaintiffs' reliance on the Supreme Court case of Smith v. Evening News Assn., 371 U.S. 195 (1962), for the proposition that they were not required to sue their union for breach of its duty of fair representation is seriously misplaced. Plaintiffs noticeably overlook that the collective bargaining agreement involved in Smith did not contain a grievance arbitration procedure which would have to be exhausted before recourse could be sought in the courts. See Smith, 371 U.S. at 196, n. 1. In the instant case, Kenosha Auto Transport and both local unions representing the employees in Fort Wayne and Springfield were signatories to a collective bargaining agreement which provided in section 3 of Article 5 that the seniority decisions of the national committee shall be final and binding upon all parties. Regardless of whether or not the plaintiffs believed that they were bound by the arbitration award allowing certain employees to dovetail their seniority rights at the Springfield, Ohio facility, the plaintiffs were nonetheless required to assert a claim of unfair representation by their union because an arbitration committee decision was entered pursuant to the collective bargaining agreement entered into by the employees, their union and the company. If plaintiffs seek to obtain a result different from that reached by the arbitration committee, they necessarily were required to challenge the final award with a hybrid Sec. 301/unfair representation claim which may be asserted against either or both the company and union. See DelCostello v. Teamsters, 462 U.S. 151, 164-65 (1983); Badon v. General Motors Corp., 679 F.2d 93, 97-98 (6th Cir. 1982).
 
 
 4
 It is also clear from a review of the cause that the arbitration committee's award did draw its essence from the collective bargaining agreement specifically Article 5, section 2(b)(2), and that the award is not, therefore, subject to a different interpretation by the courts. W.R. Grace & Co. v. Rubber Workers, 461 U.S. 757, 764 (1983); National Post Office, etc., Union v. United States Postal Service, 751 F.2d 834, 840 (6th Cir. 1985). It is likewise clear that the plaintiffs failed to meet their own burden under Rule 56(e), Federal Rules of Civil Procedure, to produce some evidence somewhere in the record of a disputed material fact. See Smith v. Hudson, 600 F.2d 60, 64-65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), and cases cited therein.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation