779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANKLIN AND JULIA A. MOORE, Plaintiffs-Appellees,
vs.
FENEX, INC., ET AL., Defendants (84-3968/4009; 85-3002/3),
Defendants-Appellees, (85-3001),
RICHARD WHISLER, Defendant/Third Party Plaintiff
(84-3968/4009; 85-3002/3) Defendant/Third Party
Plaintiff-Appellee, (85-3001)
CHARLES MCQUEEN, Defendant/Third Party Plaintiff-Appellant,
(84-3968) Defendant/Third Party Plaintiff,
(84-4009; 85-3002/3) Defendant/Third
Party Plaintiff-Appellee, (85-3001)
RUFUS HURST, Third Party Defendant, (84-3968/4009;
85-3002/3) Third Party Defendant-Appellee, (85-3001)
WILLIAM WEST, (84-4009), ROBERT HILLS, (85-3003), EARL
FROST, JR. & BROWNFIELD, BALLY & STARTZ, (85-3002)
Defendants-Appellants.
 84-3968, 84-4009, 85-3001, 85-3002, 85-3003
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 APPEAL DISMISSED
 S.D.Ohio
 ORDER
 
 1
 This matter is before the Court upon plaintiffs' motion to voluntarily dismiss case number 85-3001 and to dismiss case numbers 84-3968, 84-4009, 85-3002 and 85-3003 for lack of jurisdiction.
 
 
 2
 After the jury returned its verdict on October 12, 1984, but prior to the entry of judgment on October 20, 1984, defendants filed a motion for a hearing on the amount of judgment. Subsequent to entry of the judgment, various post-trial motions were filed by the defendants and were denied by the district court. The parties appealed. However, the district court did not rule on the October 19, 1984 motion for a hearing on the amount of judgment until June 10, 1985. In its order the district court construed the motion as a Rule 59(e) motion to alter or amend the judgment.
 
 
 3
 Plaintiffs move to dismiss the appeals on the basis that they were filed before the district court denied defendants' Rule 59(e) motion and are, therefore, premature. Upon consideration, we conclude that the motion to dismiss should be granted.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal to be filed within 30 days of the entry of judgment. However, the 30 day time period for filing a notice of appeal is tolled if any one of four time tolling motions is filed. Federal Rules of Appellate Procedure 4(a)(4). Among the time tolling motions is a Rule 59(e) motion to alter or amend the judgment.
 
 
 5
 The threshold issue is whether a motion to alter or amend the judgment which is filed after the jury renders its verdict, but before the trial court enters the judgment, tolls the time for filing the notice of appeal. Although Rule 59(e) states that '[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment' (emphasis added), this Court has held that it is proper for a court to entertain a Rule 59(e) motion filed prior to the actual entry of judgment. Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979); Jetero Construction Co., Inc. v. South Memphis Lumber Co., Inc., 531 F.2d 1348 (6th Cir. 1976). Since the district court properly considered the Rule 59(e) motion filed prior to the entry of judgment, that motion tolled the period for filing the notice of appeal and the new 30 day period for filing the notice of appeal did not start to run until after the district court entered the June 10th order denying the motion. Smith v. Hudson, supra.
 
 
 6
 It is, therefore, ORDERED that plaintiffs' motion to dismiss these appeals is granted.