Joan HAMMERSLY, Plaintiff,

v.

E.F. HUTTON & COMPANY, et al., Defendants.

Civ. No. C–1–84–1189.

United States District Court, S.D. Ohio, W.D.

Feb. 13, 1986.

Dennis A. Becker, Cincinnati, Ohio, for plaintiff.

David C. Horn and Joseph Dehner, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendants' Joint Motion for Summary Judgment. (Doc. no. 14) Upon examination of the parties' memoranda and accompanying exhibits, defendants' motion is denied in part and granted in part for the reasons stated below.

In ruling on a motion for summary judgment, the narrow question that must be decided is whether there is no genuine issue as to any material fact thereby entitling the moving party to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a summary judgment motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

Plaintiff claims that on March 24, 1981, she opened an account with defendants E.F. Hutton & Company, Inc. and its account executive David Yungkau. From that time until she closed her account on February 23, 1984, (Hamersly deposition, exhibit 2) plaintiff claims she lost about $38,000 of the amounts she had deposited therein. She attributes the loses to the fraudulent conduct of Yungkau. Specifically, plaintiff charges defendants with investing her money in ways that she expressly forbade, and with engaging in excessive transactions aimed solely at generating commissions. Plaintiff's causes of action arise under the federal securities laws and the state common law of fraud and breach of fiduciary duty.

Defendants move for summary judgment on two grounds. First, defendants note that the only item of plaintiff's account mentioned in her complaint is an annuity. Because annuities are exempt from federal securities law, 15 U.S.C. § 77c(a)(8), defendants argue that they should be granted judgment on the federal claims as a matter of law.

■ While defendants are correct in their characterization of the complaint, their own exhibit 2 to plaintiff's deposition shows numerous stock transactions performed by defendants on behalf of plaintiff. Since these transactions unquestionably qualify for regulation under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.*, defendants' argument must fail.

■ Second, defendants argue that a reading of plaintiff's deposition shows that she cannot prove the elements of her case. This Court disagrees. Plaintiff's deposition and attendant exhibits, when read in the light most favorable to her, raise several genuine issues of material fact going to the heart of this case. Defendant's motion must be denied except as to Count 6 of the complaint.

In Count 6, plaintiff claims a cause of action under the Investment Advisors Act of 1940, 15 U.S.C. § 80b–1 *et seq.* Plaintiff has since conceded the invalidity of this action and has withdrawn it. (Doc. no. 18 at 6) Summary judgment is therefore granted for defendants as to Count 6.

In summary, defendants' Motion for Summary Judgment is granted as to Count 6 and denied as to all other counts.

IT IS SO ORDERED.