845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen F. GEORGEFF, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.
 No. 87-3602.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Helen Georgeff, appeals from an order of the district court granting summary judgment to Sears, Roebuck and Company on her claim alleging that Sears discriminated against her on the basis of her age and sex, when it closed its Cleveland store and transferred other employees to jobs in other stores.
 
 
 2
 The district court found that plaintiff had failed to point to any probative evidence which would raise a genuine issue of material fact which would permit her to defeat the motion for summary judgment. We are unable to disagree with the district court's assessment of plaintiff's response to the motion for summary judgment.
 
 
 3
 However, on appeal, plaintiff's counsel asserts that there was evidence in the file which raised a material issue of fact, and that the court was required to search out those facts from answers to interrogatories and depositions, even though they were not called to the trial court's attention by trial counsel. However, our holding to that effect, in Smith v. Hudson, 600 F.2d 60, 64 (6th Cir.1979), has been considerably weakened by the opinion of the Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), where the Court pointed out the nonmoving party's obligation to designate specific facts showing that there is a genuine issue of material fact. Moreover, we have carefully examined the evidence alluded to by plaintiff's counsel on appeal, and conclude that the evidence is simply not sufficient to permit a jury to return a verdict for the plaintiff--it is merely colorable, as opposed to probative, evidence on the issue of sex and age discrimination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.