859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. PARKER, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE and Postmaster General, Albert
V. Casey, Defendants-Appellees.
 Nos. 87-1586, 87-1695.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In case # 87-1586, Parker appeals the district court's dismissal for lack of jurisdiction of his petition for review of his claim under 5 U.S.C. Sec. 7513(a). In a companion case, # 87-1695, Parker seeks review of the district court's directed verdict in favor of the Postal Service after Parker presented his evidence. We affirm.
 
 
 2
 The Postal Service employed Parker as a tour superintendent at its Detroit air mail facility. Parker knowingly submitted a false voucher for relocation expenses from Roselle, Illinois to Dearborn, Michigan. The Postal Service then discharged him. He exhausted his administrative appeals provided by the Postal Service. Parker then filed a complaint in the district court alleging that he was illegally discharged under 5 U.S.C. Sec. 7513(a). In a separate complaint, Parker also alleged reverse race discrimination claiming that the Postal Service terminated his employment because he was white, in violation of Sec. 717(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sec. 2000e-16(c).
 
 
 3
 On February 24, 1987, the district court dismissed Parker's complaint for lack of jurisdiction, not having received its requested amended complaint stating a jurisdictional ground. The order inadvertently referred to the wrong case number. With the aid of counsel, Parker then filed a motion for reconsideration, arguing that every agency order can be reviewed for arbitrary and capricious action. The motion for reconsideration was received on March 24, 1987. On March 25, 1987, the district court entered a second order correcting the case number and dismissing the case. On April 15, 1987, the court filed another order denying the motion for reconsideration as untimely. The district court stated that the order of dismissal objected to was entered on February 24, 1987, and Parker's motion for reconsideration was not filed until March 24, 1987. It was therefore outside the ten-day limitation for such motions. The district court stated that counsel for Parker acknowledged at the pretrial conference that the court's February 24 order of dismissal should have referred to his case.
 
 
 4
 With regard to case # 87-1695, the district court granted a directed verdict in favor of the Postal Service stating that Parker had failed to meet the two-prong test necessary to establish his prima facie case. Parker had not persuaded the court by a preponderance of the evidence that (1) background circumstances supported the suspicion that the Postal Service was that unusual employer who discriminated against the majority, in this particular instance the male people of a white race, or (2) that the Postal Service treated other employees similarly situated differently, but not members of the white race. The district court found that the circumstances relating to the comparison employees offered by Parker were distinguishable from Parker's case. Parker's case involved the admitted filing of false and fraudulent documents. None of the black postal employees with whom Mr. Parker tried to compare himself were guilty of deliberate misconduct. Specifically, with respect to the Bailey comparison case the district court stated that that comparison case was not applicable as it was a performance versus a conduct action.
 
 
 5
 With regard to case # 87-1586, Parker argues that the district court has jurisdiction under 5 U.S.C. Sec. 7513(a) as he is an employee in the competitive service.
 
 
 6
 With regard to case # 87-1695, Parker argues that the district court was clearly erroneous in concluding that one of his comparison cases regarding a black employee, Bailey, was not comparable to Parker's situation, and therefore could not be used as a basis for finding reverse race discrimination.
 
 
 7
 We find that Parker's motion to reconsider was timely. The order dismissing Parker's complaint for lack of jurisdiction was entered on March 25, 1987, the correction date. Parker's motion for reconsideration is actually a premature motion for reconsideration, and is, therefore, timely. Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 8
 The motion should be read as a Fed.R.Civ.Pro. 59(e) motion and operates to extend the time for filing a notice of appeal from the final judgment. A Fed.R.App.Pro. 59(e) motion tolls the running of the statute and the sixty-day appeal period under Fed.R.App.Pro. 4(a) begins to run upon the denial of the 59(e) motion. Parker's motion was denied on April 15, 1987. The appeal was filed on June 14, 1987, within the sixty-day period.
 
 
 9
 We affirm the district court. Parker's action under 5 U.S.C. Sec. 7513(a) is not reviewable by the district court. 5 U.S.C. Sec. 7513(a) applies only to (1) any employee in the competitive service, or (2) any preference eligible employee in the Postal Service (i.e., a veteran entitled to employment preferences). 5 U.S.C. Sec. 7511(a)(1). Parker is neither. Parker is a non-preference employee in the excepted service. See generally, United States v. Fausto, --- U.S. ----, 108 S.Ct. 698, 98 L.Ed.2d at 836 n. 1. Further, the Supreme Court in United States v. Fausto, --- U.S. ----, 108 S.Ct. 698, 98 L.Ed.2d 830 (1988) held that the exclusion of Postal Service employees such as Parker from the definitional sections of 5 U.S.C. Sec. 7511 displayed a clear congressional intent to deny such excluded employees the protections of that chapter, including judicial review. Therefore, the district court has no jurisdiction over Parker's 5 U.S.C. Sec. 7513(a) claim and properly dismissed the action.