902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRANSPORTATION MANAGEMENT & CONSULTING, INCORPORATED, Landaf
Shipping Limited, Polykyn Navigation, Plaintiffs,
v.
BLACK CRYSTAL COMPANY, INC., Defendant, Third
Party--Plaintiff, Appellant,
United Kentucky Bank, Youssef Ali Hassanian, Defendants,
First National Bank of Louisville, Third Party--Defendant, Appellee.
 No. 88-5650.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Third-party plaintiff-appellant, Black Crystal Company, Inc. ("Black Crystal"), appeals the district court order granting summary judgment for third-party defendant-appellee First National Bank of Louisville ("First National") in this action involving the issuance and non-payment of a commercial letter of credit ("the Credit").
 
 
 2
 Because the record reveals no genuine issue of a material fact, the district court correctly granted summary judgment for appellee First National. Thus, we affirm the district court's judgment.
 
 I.
 
 3
 This case involves a commercial letter of credit issued by the City Bank of Taipei. The beneficiary was identified in the letter of credit as "Black Crystal Company, Inc., Export Division." The Credit also identified United Kentucky Bank as the advising bank. First National was the confirming bank. Although the Credit did not specify a negotiating bank, appellant contends that United Kentucky Bank acted as one. Appellee disputes that contention.
 
 
 4
 Black Crystal claims that First National was liable for payment under the Credit and that First National wrongfully refused to so pay. Appellant raised the following issues on appeal:
 
 
 5
 1. Whether the Beneficiary did meet the expiration date of July 10, 1981 so as to be in a position to demand payment under the letter of credit.
 
 
 6
 2. Whether the Beneficiary presented the documents to a bank in a position to accept the documents and accept responsibility as a negotiating bank.
 
 
 7
 3. Whether the Beneficiary did fulfill the terms and conditions of the letter of credit.
 
 
 8
 4. Whether the dishonor of the letter by the bank which had undertaken to confirm, FIRST NATIONAL BANK, was wrongful.
 
 
 9
 5. Whether the dishonor was entirely the fault of FIRST NATIONAL BANK, or whether other parties, including UNITED KENTUCKY BANK, BANK OF CALIFORNIA INTERNATIONAL etc. shared some responsibility.
 
 
 10
 6. What was the effect of "Amendment 9" i.e. was it a true amendment?
 
 
 11
 7. Was "Amendment 9" wrongful in itself, and the result of negligence or deliberate interference with the transaction?
 
 
 12
 8. Given the conflicts of the testimony and interpretations of factual developments in the case, was summary judgment a proper remedy?
 
 II.
 
 13
 A court deciding a motion for summary judgment must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 14
 "[O]n a motion for summary judgment the movant has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion."
 
 
 15
 Blakeman v. Mead Containers, 779 F.2d 1146, 1150 (6th Cir.1985), quoting Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 16
 Appellant argues that summary judgment was inappropriate in this case because "the facts are immensely in dispute." Appellant claims that it timely submitted the documents required by the Credit to United Kentucky Bank, a bank claimed by appellant to be a negotiating bank. The record does not support appellant's claims.
 
 
 17
 After carefully examining the record, we conclude that summary judgment for appellee was appropriate because there is no genuine issue as to any material fact.
 
 
 18
 Finally, appellant argues that the District Court erred in failing to consider the application of appellant's waiver and estoppel theories. Appellant contends that because the United Kentucky Bank did not notify Black Crystal of any problems when the documents were presented to and accepted by Hassanian on July 10, the fact that First National refused to accept them after the expiry date can have no effect on Black Crystal's right to payment. However, appellant's argument assumes that United Kentucky Bank acted as a negotiator of the letter of credit when in fact it did not. The undisputed testimony of the Kentucky Bank's officer, who was responsible for dealing with Black Crystal's affairs, was that at no time did United Kentucky Bank negotiate the letter of credit.
 
 
 19
 For the reasons fully detailed by the district court in its well-written opinion which we fully adopt as though it were our own, we AFFIRM.