Johnny J. BURCIAGA, Plaintiff,

v.

COUNTY OF LENAWEE, Richard L. Germond, Merlin Mowery, Bruce Lucey, Kim Bauschka, James Craig, Gary Crane, and, Douglas Lucey. Defendants.

No. CIV. 00–40027.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 22, 2000.

Johnny Burciaga, Jackson, MI, pro se.

Cynthia L. Keith, Ian J. Reach, Reach & Hollenshead, Ann Arbor, MI, for Defendants.

Jami E. Leach, Garan & Lucow, Detroit, MI, for Defendants.

Roman A. Skypakewych, Warren, MI, pro se.

## ORDER

GADOLA, District Judge.

Before this Court is Defendants' renewed motion for summary judgment [docket entry 40] Pursuant to Local Rule 7.1, this Court concludes that an oral hearing will not aid in the disposition of this matter. For the reasons stated below, the Court grants this motion.

## I BACKGROUND

Defendants are the County of Lenawee, Sheriff Richard L. Germond, Under–Sheriff Merlin Mowrey, Captain Bruce Lucey, Sergeant Kim Bauschka, Sergeant James Craig, Officer Garay Crane, and Officer Douglas Lucey.

Plaintiff Johnny J. Burciaga was a pretrial detainee at the Lenawee County jail in January 1998. In that month, Plaintiff claims that an inmate with whom he was housed in a cell, Nigel Fredericks, attacked Plaintiff while Plaintiff was sleeping. Plaintiff claims that inmate Fredericks injured him grievously.

Plaintiff argues that Fredericks was a sentenced prisoner with a known propensity for violence. Plaintiff avers that it was a violation of Defendants' policy to place a violent, sentenced inmate, who had a "hold"[1] on himself, in the same cell as Plaintiff.

Defendants aver that Fredericks was, at the time of the alleged assault, also a pretrial detainee, and not a sentenced felon. Defendants aver that Fredericks was in detention because of a misdemeanor parole violation, and was not charged with a serious, violent felony at the time of the assault. Defendants further allege that they violated no internal policy by placing Plaintiff and Fredericks in the same cell.

On January 18, 1999, Plaintiff filed a *pro se* complaint against Defendants based on the foregoing facts. Although Plaintiff is now represented by counsel, it is on the basis of that original complaint that the Court divines the following causes of action.

First, Plaintiff asserts an Eighth Amendment violation on the grounds that Defendants were deliberately indifferent to his safety as a prisoner.

Second, Plaintiff alleges an Eighth Amendment violation on the ground that Defendants denied him shelter that "does not cause a prisoner's intentional degeneration or threaten his mental or physical well being."

Third, Plaintiff alleges that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment because of the above acts.

Fourth, Plaintiff asserts a violation of the "United States Constitution" based on Defendants' allegedly housing him with a "sentenced prisoner with a known assaultive record."

Finally, Plaintiff alleges a violation of the United States Constitution based on Defendant's "absence of a proper classification procedure or non-use of an established one."

Plaintiff also brought several claims grounded in state law. The Court dismissed all of those claims in its order of partial dismissal on June 30, 2000.

In sum, all of Plaintiff's causes of action hinge on one theory: that Defendants committed an error of constitutional proportions by housing Plaintiff, a pre-trial detainee with Fredericks, a sentenced inmate.

Plaintiff seeks an assortment of monetary damages.

## II LEGAL STANDARD

The Court grants a motion for summary judgment if the evidence demonstrates that there is no genuine issue as to any material fact, and that the movants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liber-*

---

1. Plaintiff does not elaborate on what a "hold" is.

*ty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *See Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, "but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## III ANALYSIS

 Plaintiff brings most of his claims under the Eighth Amendment. Because Plaintiff was a pretrial detainee at the time of his alleged harms, however, his claims are actually governed by the Fourteenth Amendment's guarantee of due process, and not the Eighth Amendment's prohibition of cruel and unusual punishment. *See Thompson v. County of Medina,* 29 F.3d 238, 242 (6th Cir.1994). In this context, due process demands that a "detainee may not be punished prior to an adjudication of guilt." *Id.* (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). Unless Plaintiff shows that jail officials had the express intent to punish, conditions of pretrial detention that allegedly deprived him of liberty without due process of law do not amount to "punishment" if they are reasonably related to a legitimate governmental objective. *See id.*

 The Fourteenth Amendment also demands that neither the state nor its agents may act with deliberate indifference to the safety of a pre-trial detainee's

health or safety. *See Farmer v. Brennan,* 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff's arguments are still relevant, however, because the Due Process Clause entitles him to, at a minimum, no less protection than a sentenced inmate derives from the Eighth Amendment. *See Thompson,* 29 F.3d at 242. The proper questions before the Court, therefore, are whether Defendants could have violated Plaintiff's right to due process by allegedly housing him, while he was a pre-trial detainee, with a sentenced inmate, or by improperly classifying inmates.

Although neither the Court nor the parties have found binding precedent squarely on point, the overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates. *See Faulcon v. City of Philadelphia,* 18 F.Supp.2d 537, 540 (E.D.Pa.1998); *Chapman v. Guessford,* 924 F.Supp. 30, 33 (D.De.1996) (concluding that pretrial detainees have no liberty interest in being housed separately from sentenced inmates); *Hoover v. Watson,* 886 F.Supp. 410, 417 (D.De.1995) (reasoning that the district court could find no authority for the proposition that a pretrial detainee had a liberty interest in being housed separately from sentenced inmates); *cf. Chapman v. Dudlek,* No. Civ. A 95–73–SLR, 1997 WL 309442, at *3 (D.De. Apr.28, 1997) (concluding that it did not violate the Eighth Amendment rights of a sentenced inmate to house him with an unsentenced inmate); *United States v. Phillips,* 39 C .M.R. 230, 234–35, 1969 WL 5961 (A.C.M.R.1969) (holding that sentenced and unsentenced inmates could be forced to work together). This Court has reviewed these authorities and accepts the conclusion that flows from them: unless the state acts with the impermissible intent to punish a pre-trial detainee or is deliberately indifferent to a pre-trial de-

tainee's safety, it does not violate the due process clause to house that pre-trial detainee with a sentenced inmate.

■ Conversely, neither the state nor its agents may place a pre-trial detainee in certain housing conditions if their intent is to punish that detainee, or if their decision is made in a manner that is deliberately indifferent to the safety of that detainee. *See Taylor v. Plousis,* 101 F.Supp.2d 255, 269 (D.N.J.2000) (discussing the elements of a failure-to-protect claim).

■ In this case, Plaintiff alleges that Defendants intended to punish or harm him by housing him with inmate Fredericks, and that their failure to properly classify inmates evinces a deliberate indifference to Plaintiff's safety. (Complaint at ¶ 11.) Upon reviewing the pleadings and materials submitted by the parties, the Court concludes that Plaintiff has adduced no evidence from which a reasonable juror could conclude that Defendants were deliberately indifferent to Plaintiff's safety. Plaintiff therefore cannot support an allegation that Defendants violated the due process clause or Eighth Amendment by housing Plaintiff and inmate Fredericks together.

An alternate reason for the Court's decision is that Plaintiff has adduced no facts from which a reasonable juror could conclude that inmate Fredericks was sentenced at the time of the alleged assault. Defendants provide competent evidence that Fredericks was, like Plaintiff, a pre-trial detainee at the time of the alleged assault, that Fredericks and Plaintiff were each classified as medium-security inmates at the time of the assault, and that each had a history of seven prior incarcerations at the jail for various offenses. (Aff. of Lt. Sally Underwood at ¶¶ 5–12.) Both Plaintiff and Fredericks were previously incarcerated for assault, according to Defendants' evidence.

Thus, even if housing sentenced and unsentenced inmates together were a constitutional violation, Plaintiff has not adduced competent evidence that Defendants housed him with a sentenced inmate.

Regarding Defendants' alleged failure to classify inmates properly, the Court's review of the record reveals no evidence that Defendants classified inmates improperly. But even if such evidence were to exist, Plaintiff might only pursue this claim if he could produce evidence that he reasonably feared attack because of Defendants' classification of, or failure to classify, inmates. *See Thompson,* 29 F.3d at 242. Plaintiff, who seems to have been attacked by a fellow pretrial-detainee, has produced no such evidence.

For the aforementioned reasons, this Court grants Defendants' renewed motion for summary judgment.

Accordingly, this Court being fully advised in the premises, '

**IT IS HEREBY ORDERED** that Defendants' motion [docket entry 40] is **GRANTED.**

**SO ORDERED.**