798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrence F. RODGERS, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 85-1451.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1986.
 
 Before LIVELY, Chief Judge; and WELLFORD and BOGGS, Circuit Judges.
 
 
 1
 The appellant, Terrence F. Rodgers, is appealing the May 1, 1985, order of the district court denying his motion to alter or amend judgment. The district court had previously granted summary judgment in favor of the Veterans Administration at a hearing. Both sides have filed briefs.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant submitted an application for service-connected benefits due to a skin condition on April 28, 1982. The application was denied on September 30, 1982. The appellant appealed; however, the Board of Veterans Appeals determined that the appellant's skin condition existed prior to his entry into the service. The appellant filed a claim to reopen the case based on new evidence, which was also denied.
 
 
 4
 The appellant filed the instant action in federal district court on August 27, 1984, seeking review of the Veterans Administration's decision. He also alleged-discrimination in the denial of V. A. benefits but failed to cite any facts in support of this charge. This litigation is essentially a duplication of the allegations which the appellant raised in another action in district court; the appellant has added a conclusory claim of discrimination in this case.
 
 
 5
 The V. A. filed a motion for summary judgment alleging that pursuant to 36 U.S.C. Sec. 211(a) the court lacked subject matter jurisdiction over the complaint. The district court granted.the motion on March 11, 1985, following a hearing. 38 U.S.C. 5 211(a) provides as follows:
 
 
 6
 On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
 
 
 7
 As reflected by the district court docket sheet, on February 13, 1985, the appellant and the V. A. filed a stipulation and order adjourning the motion for summary judgment until after the appellant filed an amended complaint. The deadline for filing the amended complaint was March 1, 1985. On March 6, 1985, an order was entered terminating appellant's representation by counsel. Appellant filed a motion to alter judgment and complaint on March 7, 1985. Summary judgment for the V. A. was granted on March 11, 1985. Appellant then filed a supplemental motion, which the district court apparently construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and denied the motion. If construed as a motion to alter or amend judgment, the second motion is considered timely. Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979) .
 
 
 8
 38 U.S.C. Sec. 211(a) precludes review of the Administrator's decisions concerning individual claims under veterans' benefits legislation. Walters v. National Association of Radiation Survivors, 105 S.Ct. 3160, 3182 (1985); Johnson v. Robison, 415 u.S. 361 (1974); Wayne State University v. Cleland, 590 F.2d 627 (6th Cir. 1978). Section 211 does not bar review of constitutional claims such as discrimination. Johnson v. Robison, at 367. Appellant merely states with no specification that the denial of benefits is discriminatory. Thus, he is really asking for a review of the Administrator's decision which is precluded by 38 U.S.C. Sec. 211(a). Furthermore, even if one were to assume that the appellant had a colorable discrimination claim, relief is precluded because sovereign immunity has not been waived and the appellant has not exhausted administrative remedies. Gaspard v. United States, 713 F.2d 1097 (5th Cir. 1983) 1 cert. denied, 104 S.Ct. 2354 (1984).
 
 
 9
 We hold that the district court's order granting summary judgment and the order denying the motion to alter or amend judgment are both correct.
 
 
 10
 It appears that the questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d) (3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court be affirmed.