802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
HAROLD EDWARD HALL, Defendant-Appellant.
 No. 86-5338.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 BEFORE: ENGEL, JONES and RYAN, Circuit Judges
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's appeal from the district court's order denying his motion to compel the correction of his pre-sentence report. On June 10, 1986, this Court entered an order directing appellant to show cause why the appeal should not be dismissed for lack of jurisdiction due to an untimely filed notice of appeal. Appellant responded offering no legal basis for further consideration.
 
 
 2
 It cannot be determined from the record whether the district court construed appellant's action as a continuation of his criminal procedures, or as a writ of mandamus, and thus, civil in nature. However, irrespective of the nature of appellant's appeal, the notice of appeal was filed late. The final order denying appellant's motion was entered on January 7, 1986. No time-tolling motions were filed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Hence, if the matter was considered criminal in nature by the lower court, the notice of appeal should have been filed not later than January 17, 1986, 10 days subsequent to the entry of the order denying appellant's motion. The government is a party in this action. Therefore, if the lower court considered the matter civil in nature, the notice of appeal should have been filed no later than March 10, 1986, 60 days after entry of the order. See Smith, supra. The notice of appeal given either consideration was not filed until March 20, 1986. The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Particularly in a civil action, compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal. Rule 9(d)(1), Rules of the Sixth Circuit. Appellant offered no argument in response to this Court's order of June 10, 1986 directing him to show cause why the appeal should not be dismissed.
 
 
 3
 It is therefore ORDERED that appellant's appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.