Mildred GREEN, et al., Plaintiffs,

v.

URBAN MASS TRANSPORTATION
ADMINISTRATION, et al.,
Defendants.

Civ. No. C–1–85–1871.

United States District Court,
S.D. Ohio, W.D.

Nov. 3, 1986.

Ronald Jay Goodman, Cincinnati, Ohio, for plaintiffs.

Donette Wiethe, David Boehm, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter again is before the Court on the Urban Mass Transportation Administration's (UMTA) Motion to Dismiss or, in the Alternative, for Summary Judgment. The Court decided several issues in its order of July 12, 1986 (doc. 15), but delayed its final order so as to give the parties the opportunity to submit supplemental memoranda on the sole remaining issue. (Docs. 16 and 19).

For the reasons below, defendant's motion for motion for summary judgment is granted.

## I. INTRODUCTION

In addressing this motion, the Court has considered matters outside the pleadings and therefore will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b).

The Court has federal question jurisdiction pursuant to 28 U.S.C. section 1331. The defendant UMTA's actions are reviewable under the Administrative Procedure Act, 5 U.S.C. section 702 (1982).

In ruling on a motion for summary judgment, the Court cannot try issues of fact, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson,* 600

F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

## II. Judicial Review

The sole remaining issue is whether UMTA's recommendation of relocation aid met the standards of 5 U.S.C. section 706(2)(A).

■■■ Under section 706(2)(A), an agency action must be upheld unless it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. section 706(2)(A) (1972). "A Court is not empowered to substitute its judgment for that of the agency." *Citizens To Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The Court is to decide only whether the agency's decision was based on a consideration of relevant factors and whether there has been a clear error of judgment. *Id., National Steel Corp. v. Gorsuch,* 700 F.2d 314, 320 (6th Cir.1983). The plaintiffs have the burden of proving such error. *Federal National Mortgage Association v. Rathgens,* 595 F.Supp. 552 (S.D. Ohio 1984).

■■■ Plaintiffs contend UMTA's decision is improper because the UMTA denied them certain appellate procedures allegedly required by the UMTA Act, 49 U.S.C. sections 1601–1617, and the Uniform Relocation Assistance and Real Property Acquisition Policy Act of 1970, 42 U.S.C. sections 4601–4655.

Specifically, plaintiffs maintain the UMTA failed to provide the appellate procedures set forth in a circular, UMTA C4530.1, Chapter V, section 32 (Doc. 16, p. 3). The Administrator of the Urban Mass Transportation Administration issued the circular on March 21, 1978, in order to carry out the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URAA), *supra.*

The circular requires grantees (state and local agencies) to establish relocation assistance procedures. The process includes appeal procedures whereby a claimant who is aggrieved by the grantee's initial deter-mination may appeal that determination at the state or local level. (Doc. 19, exh. 1, p. 2).

The circular said any appellate process should ensure that:

1. Each appellant applicant has the opportunity for oral presentation.

2. Each appeal will be decided promptly and applicant is informed of the decision in writing.

3. The decision must state the reasons upon which it is based.

4. All documents related to the appeal must be retained.

5. Each applicant will have a right of final appeal to a higher authority.

The parties in this matter could not reach a settlement as to whether and to what extent the Greens were entitled to relocation payments. Although SORTA and Anderson Township were the grantees, the Greens appealed directly to the UMTA and it agreed to hear the appeal because the grantees had not developed an appellate process. (Admin. record, tab. S, p. 16).

The gist of this dispute is whether the UMTA must observe the circular's five appeals provisions, or whether those provisions apply only to grantees, as the UMTA contends.

Plaintiffs allege the UMTA's failure to observe the circular's five provisions constitutes an abuse of discretion, (doc. 16, p. 5). Overall, plaintiffs maintain the UMTA's actions, findings and conclusions—awarding a $500 relocation payment to plaintiffs claiming $128,521.63—were arbitrary, capricious and an abuse of discretion, among other things. (Doc. 16, p. 4).

The case of *Grumman Ohio Corp. v. Dole,* 776 F.2d 338, 344 (D.C.Cir.1985), is controlling. The plaintiff Grumman, a bus manufacturer involved in a contract dispute with an UMTA grantee (RTA), sought full-blown adjudicatory procedures and *de novo* review from the UMTA. The plaintiff RTA maintained the UMTA was required to arbitrate the dispute with the full panoply of hearing procedures. *Id.* at 340, 345.

However, the UMTA instead decided to determine the issues based upon written submissions with no formal hearing. *Id.* at 342. The District Court in Washington granted summary judgment in favor of UMTA, finding that the UMTA "is under no duty to provide ... any particular set of procedures for resolution of a (dispute) to which UMTA is not a party." *Id.* at 349. The United States Court of Appeals for the District of Columbia Circuit affirmed and noted, "We are reluctant.... to import elaborate procedures spawned in one setting and transplant them to alien soil." *Id.* at 345.

Similarly, the UMTA was not a party to the SORTA–Anderson Township-Green dispute and the agency is not controlled by the regulations UMTA intended to guide grantees. Just as in *Grumman*, no statute accords the Greens a right to an appeals procedures specifically tailored for grantees. *Id.* at 345.

Further, the UMTA provided the Greens with a fully adequate appeals procedure.

The Greens complain they were not provided with an oral argument or an evidentiary hearing, (doc. 16, p. 7), which is the first prong of the circular's five-part guidelines. But plaintiffs' counsel was asked to submit in writing arguments he had presented orally in telephone conversations with the UMTA regional counsel, along with any relevant documentation. (Doc. 19, declaration of Richard J. Bacigalupo, exh. 1). Recall that in *Grumman*, the Court upheld the UMTA's decision to determine the issues based on written submissions, rather than providing an arbitral forum as plaintiffs demanded. *Id.* at 342. An agency's procedures are not inadequate simply because no formal hearing is held. *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

The Greens' remaining contentions are without merit. The second and third prongs of the circular call for a prompt, written decision outlining the reasons upon which the decision is based. The UMTA issued a detailed, eighteen page-written determination on October 31, 1985 (Admin.

record, Tab. S). Regarding the UMTA's failure to be "prompt," any delay was caused by negotiations to settle this dispute, with the Greens in fact submitting a supplemental memorandum in quest of attorneys' fees as late as January 30, 1984. (Admin. record, Tab. R).

The circular's last two requirements of a grantee—retaining documents associated with the appeal and the claimant's right of final appeal to a higher authority—have been provided. The administrative record reflects that relevant documents have been retained and the plaintiffs' action at bar represents a right of final appeal to a higher authority.

The Court finds the UMTA's action met the standards of 5 U.S.C. section 706(2)(A) and the defendant is entitled to summary judgment as a matter of law, there being no genuine issue as to any material fact. Fed.R.Civ.P. 56(c).

IT IS SO ORDERED.