CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs,

v.

Wayne E. LONG d/b/a Wayne E. Long, et al., Defendants.

No. 86–CV–73266–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 20, 1987.

Thomas J. Blessing, Russell N. Luplow, P.C., Bloomfield Hills, Mich., for Central States.

William Rodgers, Washington, D.C., for Wayne Long.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This is a suit by the Plaintiff pension fund and its trustee to recover unfunded vested benefits from the Defendants. Jurisdiction is by virtue of the Employee Retirement Income Security Act (ERISA) as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, et. seq. ("MEPPAA"). The case is presently before the Court on Plaintiffs' Motion for Summary Judgment.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

■ The MEPPAA was enacted in 1980 to amend ERISA by providing for absolute liability for contributing employers who withdraw from a multiemployer pension plan, reflecting Congress' concern that employees' pension security would be jeopardized by employers' ceasing contribution without an accompanying absolute liability to contribute towards unfunded vested liability. *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984). Under the MEPPAA, an employer becomes liable on the date of withdrawal from a plan for a proportionate share of the plan's total unfunded vested liability. 29 U.S.C. § 1381. "Unfunded vested liability" is defined as the difference between the actuarial present value of the vested benefit obligations and the value of the plan's assets. *Shelter Framing Corp. v. Pension Benefit Guaranty Corp.*, 705 F.2d 1502 (9th Cir. 1983).

■ In order to prevail in a collection action, a fund must show compliance with the statutory procedures for computing and seeking collection of withdrawal liability. Once the liability of an employer is calculated, the MEPPAA requires the plan to notify the employer of the amount, establish a schedule for payment and demand payment in accordance with the schedule. 29 U.S.C. § 1399(b)(1). The MEPPAA also specifies the procedure the employer and plan must utilize for disputes regarding the determination of withdrawal liability. The employer must inform the sponsor of its disagreement with a determination within 90 days of receipt. 29 U.S.C. § 1399(b)(2)(A). The plan sponsor must then review the determination in light of the objections thereto, and issue a decision. If the employer remains unsatisfied, the MEPPAA allows the dispute to be brought to arbitration. 29 U.S.C. § 1401(a)(1). However, arbitration must be initiated within 60 days of either the date an employer received reasonable review of matters it raised to the plan sponsor, or within 120 days of the date review was requested, whichever is earlier. *Id.* Following arbitration, either party may seek federal court relief to enforce, vacate, or modify the arbitrator's award. 29 U.S.C. § 1401(a)(2).

If arbitration is not sought within the designated time limit, the MEPPAA provides that the amounts demanded by the

plan sponsor become due and owing on the schedule initially set forth by the plan sponsor. 29 U.S.C. § 1401(b)(1). The sponsor is then entitled to bring a collection action in a state or federal court of competent jurisdiction. *Id.* The instant action seeks recovery of unfunded vested benefits against defendants—successors in interest and entities related to Long Transportation Co., a now defunct entity previously adjudicated liable for unfunded vested benefits.

A brief background is appropriate at this point. Prior to November, 1980, Long Transportation, an interstate trucking company, was party to collective bargaining agreements between itself and various local Teamster unions requiring contributions to the Central States Pension Fund. In November, 1980, Long Transportation sold its assets, dismissed its hourly employees represented by the Teamsters and ceased operations. As of December 28, 1980, Long Transportation permanently ceased to have an obligation to make contributions to Central States and hence effected a complete "withdrawal" from the Fund as defined in 29 U.S.C. § 1383(a). Pursuant to MEPPAA, Central States then proceeded in assessing and collecting withdrawal liability from Long Transportation.

On October 30, 1981, Long Transportation sought review under 29 U.S.C. § 1399(b)(2)(A). In January, 1982, Central States informed Long Transportation that there was no change in the assessment. 29 U.S.C. § 1399(b)(2)(B). Long Transportation allowed the time for seeking arbitration under 29 U.S.C. § 1401 to lapse. Thus, under 29 U.S.C. § 1401(b), the withdrawal amount became fixed and owed.

On February 26, 1982, Long Transportation filed suit in the United States District Court for the Eastern District of Michigan seeking a declaratory ruling that MEPPAA was unconstitutional for various reasons and that the Central States claim was unenforceable because its assumptions and calculations were erroneous and unreasonable. Central States counterclaimed for the full amount of withdrawal liability. On March 14, 1983, counsel for Long Transportation withdrew with orders from the Court

to secure substitute counsel within 20 days. There were no further appearances entered and, after hearing argument on Central States' Motion for Summary Judgment, Judge Robert E. DeMascio entered judgment against Long Transportation in the principal amount of $2,528,547.74 for withdrawal liability on December 6, 1983.

Prior to the entry of judgment by Judge DeMascio, however, Defendant Long Industries merged with Long Transportation and Long Transportation ceased to exist as a separate corporate entity. At a meeting held on November 30, 1983, before judgment was rendered, the separate companies of Long Transportation Co., Taylor Leasing Co., and Long Motor Equipment Co. were merged into Long Industries. No consideration was given. Defendant Wayne E. Long was the 100 percent shareholder equity owner and director of each company involved in the merger. Following this merger, Long Transportation Co. became uncollectable.

By way of the instant motion, Plaintiffs seek a determination that Long Transportation Co., Long Industries and Wayne E. Long are a "single employer" within the meaning of ERISA. 29 U.S.C. §§ 1002(37)(B), 1301(b)(1). Such a determination would thus render the latter two liable for the withdrawal liability of Long Transportation.

The statute sets forth two requirements for a finding of "single employer" status. First, Long Transportation, Long Industries and Wayne E. Long must be found to be "trades or businesses" and, second, they must be "under common control."

An individual who owns the entire interest in an unincorporated trade or business is treated as his own employer, and a partnership is treated as the employer of each partner who is an employee within the meaning of section 401(c)(1) of Title 26. For purposes of this subchapter, under regulations prescribed by the corporation, all employees of trades or business (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a

single employer. The regulations prescribed under the preceding sentence shall be consistent and coextensive with regulations prescribed for similar purposes by the Secretary of the Treasury under section 414(c) of Title 26. 29 U.S.C. § 1301(b)(1). In this case, there is no question that the two above-described criteria have been fulfilled.

First, both Long Industries and Wayne E. Long are "trades or businesses" within the meaning of the statute. Insofar as Long Industries is concerned, Defendant does not dispute its trade or business status and no further discussion is warranted. With respect to Wayne E. Long, despite Defendants' protestations to the contrary, it is clear that Long's admitted practice of personally renting real estate and facilities to Long Transportation under net lease arrangements and receiving income thereunder constitutes a "trade or business." *Accord United Food and Commercial Workers Union v. Progressive Supermarkets,* 644 F.Supp. 633 (D.N.J.1986); *Pension Benefit Guaranty Corp. v. Center City Motors, Inc.,* 609 F.Supp. 409 (S.D.Cal. 1984). Defendant Long's argument that the carrying on of a trade or business is dependent upon his subjective intent to do so is simply unpersuasive.

Second, it is beyond reasonable dispute that Long Transportation, Long Industries and Long's individual leasing proprietorship were entities "under common control." The undisputed fact that Wayne E. Long was the 100 percent equity owner of each of these entities easily classify them as a common control group under the applicable statutory and regulatory scheme. 29 U.S. C. § 1301(b)(1); 29 C.F.R. § 2612.2; 26 C.F. R. § 11.414(c)–1, et seq.

■ It is, therefore, the finding of the Court that Long Transportation Co., Long Industries and Wayne E. Long were a "single employer" within the meaning of ERISA. This being the case, the law is clear that notice of assessment of withdrawal liability to one member of a common control group constitutes notice to all. *IUE AFL/CIO Pension Fund v. Barker & Williamson,* 788 F.2d 118 (3d Cir.1986); *Connors v. Calvert Development Co.,* 622 F.Supp. 877 (D.D.C.1985).[1] Defendants' attempt to raise an issue of fact in regards to the notice issue by claiming that he in fact received no notice is unavailing since constructive notice, as here, is a question of law not fact. In enacting Section 1301(b)(1), Congress intended to prevent the evasion of withdrawal liability through the abuse of the structural formalities of overlapping business organizations. *See Connors, supra* at 882.

Accordingly, Plaintiffs' Motion for Summary Judgment is hereby GRANTED. Defendants are in default pursuant to 29 U.S. C. § 1399(c)(5) and therefore must "make immediate payment of the outstanding amount of [the] employer's liability." *Id.* In addition, Defendants will pay prejudgment interest on the amount of withdrawal liability payments due and owing from the date on which the payment was due to the date of this Order, 29 C.F.R. § 2644.1 et seq., as well as costs and attorney fees as provided for by statute. 29 U.S.C. § 1132(g)(2). Defendants are further permanently ENJOINED from further violations of ERISA with respect to the payment of the instant withdrawal liability installment payments. Counsel are directed to submit an approved judgment in accordance with the foregoing within 30 days hereof.

IT IS SO ORDERED.

---

1. It therefore follows also that Defendants' motion to dismiss for lack of notice must be and the same is hereby DENIED.