Saied Samir **BADARO**, et al., Plaintiffs,

v.

**NATIONAL HOUSING CORP.**,
et al., Defendants.

No. C–1–92–166.

United States District Court,
S.D. Ohio, W.D.

Dec. 1, 1992.

Robert Brand Newman, Kircher, Robinson, Cook, Newman & Welch, Cincinnati, OH, for plaintiffs.

Christopher Bernard Brush, Pataskala, OH, for defendants.

### ORDER DENYING MOTION TO DISMISS, AND DENYING MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiffs' Motion to Amend their Complaint (doc. 23), the Defendants' Motion for Summary Judgment (doc. 27), the Defendants' Motion to Dismiss Certain Claims (doc. 28), the Defendants' Motion for Trial to the Court (doc. 29), the Defendants' Response to the Motion to Add a Claim (doc. 30), the Plaintiffs' Response to the Motion for a Trial to the Court (doc. 31), the Defendants' Reply to Plaintiffs' Response regarding the Motion to Dismiss (doc. 33), the Defendants' Reply to Plaintiffs' Response regarding the Motion for Summary Judgment (doc. 34), the Plaintiffs' Response to Motion to Dismiss (doc. 35), the Plaintiffs' Response to the Motion for Summary Judgment (doc. 36), and the Plaintiffs' Reply

Concerning the Amendment of their Complaint (doc. 37).

## BACKGROUND

The Plaintiffs in this case, Saied Samir Badaro and Husain Mango, are students at Xavier University. They are also Jordanian citizens.

The Plaintiffs wanted to live in an apartment in the Grandin House, which is located in Cincinnati, Ohio. A rental agent for the Grandin House informed the Plaintiffs that several apartments were available. As a result, the Plaintiffs filled out an application to lease an apartment for six months. The Plaintiffs desired to live in Apartment 206, but said that they would live in Apartment 516 if the current occupants of Apartment 206 chose to renew their lease. When some questions were raised about the Plaintiffs' ability to pay the rent, the Plaintiffs stated that they could pay the entire six months rent up front.

Subsequently, the Plaintiffs rental application was denied. The Defendants maintain that the Plaintiffs' application was denied, because they had neither a place of employment nor a United States source of income. The Plaintiffs claim that the Defendants discriminated against them because they are Jordanian.

## MOTION TO AMEND THE PLAINTIFFS' COMPLAINT

We first consider the Plaintiffs' Motion to Amend their Complaint. The Plaintiffs seek to add a claim under 42 U.S.C. § 1981 (1992), and to clarify their claim under 42 U.S.C. § 1988, under which the Plaintiffs seek attorney's fees.

The Plaintiffs originally requested to amend their Complaint to include a claim under 42 U.S.C. § 1982. The Defendants argued against allowing this amendment in their Response to the Plaintiffs' Motion to Amend. In a Reply filed recently, the Plaintiffs stated that they sought to add a claim under 42 U.S.C. § 1981, not § 1982 as stated in their Motion. The Defendants have not had an opportunity to respond to this proposed amendment. Therefore, the Court defers its ruling on this matter and plans to discuss the proposed changes in the Plaintiffs' Complaint at the Final Pre-Trial Conference.

## DEFENDANTS' MOTION TO DISMISS

The Defendants have moved to dismiss Grandin House, Ltd. ("Grandin House") and Showe Builders, Inc. ("Showe Builders") from this litigation. In examining the Defendants' Motion, the Defendants do not argue that Grandin House and Showe Builders cannot be held liable under the Plaintiffs' allegations; rather, the Defendants contend that no reasonable person could find the Grandin House and Showe Builders liable. Accordingly, we analyze Defendants' Motion to Dismiss as if it were a Motion for Summary Judgment.

### Standard of Review

The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

### Discussion

■ The essence of the Defendants' argument is that Grandin House and Showe Builders had nothing to do with the alleged housing discrimination practiced against the Plaintiffs. Instead, the Defendants contend that the rental agent and her employer, Showe Management Corporation, are the responsible parties.

■ Under federal housing law, a housing owner may be held liable for the discriminatory actions of the owner's agent, provided the agent was acting within the scope of the agent's authority. *See Marr v. Rife*, 503 F.2d 735, 742 (6th Cir.1974). Thus, "... a principal cannot free himself of liability by delegating a duty not to discriminate to an agent." *Green v. Century 21*, 740 F.2d 460, 465 (6th Cir.1984).

Both parties have failed to explain who made the decision to deny the Plaintiffs' an apartment at the Grandin House. More-

over, if the rental agent made the decision, the parties have not enlightened the Court as to whether the rental agent was an agent of Grandin House or Showe Management Corporation, and if so the scope of her agency.

Therefore, material questions of fact exist concerning the involvement of Grandin House and Showe Management Corporation in denying the Plaintiffs an apartment. Accordingly, the Defendants' Motion to Dismiss Grandin House and Showe Management Corporation is denied. However, if the evidence at trial so merits, the Court will direct a verdict at trial for these two parties.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ The Defendants have moved for summary judgment based upon two reasons. The Defendants' first ground for summary judgment is that the Plaintiffs' rental application and deposit check were solely for renting Apartment 206, and when that apartment turned out to be unavailable, the Defendants properly denied the Plaintiffs an apartment.

The Plaintiffs desired to live in Apartment 206 at the Grandin House. However, the occupants of Apartment 206 had the option to renew their lease. The rental agent for the Grandin House told the Plaintiffs of the rights of the current occupants of Apartment 206. The Plaintiffs informed the rental agent, that if they could not get Apartment 206, they would take Apartment 516. When the occupants of Apartment 206 did renew their lease, the Plaintiffs were denied housing at the Grandin House, despite the apparent availability of Apartment 516.[1]

In response, the Defendants contend that the Plaintiffs may not offer any oral testimony concerning the Plaintiffs desire to rent Apartment 516 because of the statute of frauds. The Ohio statute of frauds states:

---

1. The Court has assumed from the briefing that Apartment 516 was still available when the

Plaintiffs were denied housing at the Grandin House.

**936**

No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.

Ohio Rev.Code § 1335.04 (1992). However, this statute is not applicable to the case at bar because the parties *never* entered into a contract for the lease of an apartment. The Plaintiffs made an offer to lease an apartment by providing a $635 deposit. However, the Defendants rejected the Plaintiffs' offer and returned the Plaintiffs' deposit. Thus, the statute of frauds does not prevent the Plaintiffs from using oral testimony to describe their offer to the Defendants.

■ The Defendants' second ground for summary judgment is that the Plaintiffs should have provided further information about their financial wherewithal after their rental application was denied. The Defendants knew that the Plaintiffs were students at Xavier University. The Defendants also knew that the Plaintiffs' financial support came from their parents in Jordan. Moreover, when questioned about their ability to pay the rent, the Plaintiffs offered to pay the entire cost for the six month lease up front. Still, the Defendants denied the Plaintiffs an apartment "[i]nasmuch as there is neither a place of employment nor United States source of income listed ..." on the Plaintiffs' rental application. Plaintiffs' Memorandum in Opposition, doc. 36, exh. 2. Based upon this evidence, we conclude that reasonable minds could differ as to whether the Defendants' reason for denying the Plaintiffs an apartment was true, or rather served as a mere pretext to hide the Defendants' discriminatory motive. Accordingly, the Defendants' Motion for Summary Judgment is denied.

### DEFENDANTS' MOTION TO STRIKE THE PLAINTIFFS' JURY DEMAND

The Defendants have requested that the Plaintiffs' jury demand be stricken, and the Plaintiffs have no objection to the Defendants' request. The Court will discuss this matter at the Final Pre-Trial Conference.

### CONCLUSION

Accordingly, the Defendants' Motion to Dismiss and Motion for Summary Judgment are denied.

SO ORDERED.

