1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PART 21, INC., Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY, Defendant-Appellee.
 No. 92-6292.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 Before: KENNEDY and MARTIN, Circuit Judges; and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Part 21, Inc. appeals the summary judgment that the district court granted in favor of Tennessee Valley Authority ("TVA") in this contract dispute action. Part 21 argues on appeal that material issues of fact exist because it contends that the district court misinterpreted the terms of the contract between the parties. We affirm.
 
 
 2
 Part 21 and TVA entered into a contract effective April 17, 1989 in which Part 21 agreed to provide services in support of TVA's Automated Procurement Development Project. The contract did not set a minimum amount of services that TVA would request from Part 21; rather, the contract gave TVA the option of using Part 21's services by issuing task assignment orders. TVA issued only one order with an original ending date of October 30, 1989. The parties later extended the ending date to January 31, 1990. Pursuant to that order, Part 21 applied its computer software program to TVA operations.
 
 
 3
 During the fall of 1989, Part 21 submitted a proposal to perform additional work under the contract. During negotiations about the additional work, TVA performed a preliminary audit of Part 21's books and determined that Part 21 had overstated its costs. TVA then decided to discontinue negotiations with Part 21 about additional work and allowed the existing order to expire on the January 31, 1990 ending date. TVA later performed an additional audit and concluded that Part 21 had overcharged TVA. Therefore, TVA exercised its setoff rights under the contract against Part 21.
 
 
 4
 Part 21 filed this lawsuit against TVA on October 12, 1990 for breach of contract. Part 21 also alleged that TVA was responsible for termination expenses in connection with the ending of the contract. On May 8, 1992, the district court granted partial summary judgment in favor of TVA. The court denied Part 21's motion for reconsideration on May 26, 1992. After the parties agreed to dismiss other claims, the court entered an agreed order on July 22, 1992 dismissing with prejudice all remaining claims. Part 21 then filed its notice of appeal.
 
 
 5
 Part 21 now contends that the district court improperly granted summary judgment in favor of TVA. Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file and draw reasonable inferences in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); see Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. Celotex Corp., 477 U.S. at 323. To sustain this burden, it may not rest on the mere allegations of its pleadings. Instead, it must set forth specific facts showing that there is a genuine issue for trial. Potter's Med. Center v. City Hosp. Ass'n., 800 F.2d 568 (6th Cir.1986). Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).
 
 
 6
 Part 21 contends that the TVA wrongfully set off labor charges and failed to pay additional overhead costs. Part 21 argues that the contract is ambiguous and that the district court should have resolved any doubt in its favor. Like the district court, however, we find that the contract language is unambiguous on these matters. According to section 4 of the contract, TVA agreed to pay for Part 21's services according a schedule of fixed-composite labor rates in attachment E. Pursuant to section 29, the indirect costs were fixed and were included in the attachment E rates. Moreover, the correctness of those rates was not subject to question by an audit. Nevertheless, according to sections 21 and 26, TVA had certain rights to audit Part 21's books, and TVA could reduce a fee if Part 21 submitted inaccurate costs. When conducting the preliminary audit, TVA discovered that Part 21 paid its employees less than it certified to TVA. Therefore, TVA was entitled to set off the difference. With regard to the additional overhead charges, the district court correctly pointed out that the attachment E rates included indirect costs and that Part 21 was not entitled to receive compensation for additional overhead costs. Also, the district court correctly found that TVA's failure to utilize general accounting principles to determine costs when performing the audit was immaterial because attachment E set the appropriate ceiling rates for costs.
 
 
 7
 Part 21 argues that TVA should have paid the living expenses of David Beene, a Part 21 employee. Pursuant to section 4(C)(6) of the contract, TVA agreed to pay the living expenses of a Part 21 employee on temporary assignment when the employee resides more than fifty miles from the TVA-designated work location. The two shortest routes between the work location and Beene's residence were 42.7 and 44.9 miles. Apparently, Beene took a third route of 50.5 miles to avoid traffic congestion. The district court interpreted the contract to require the payment of living expenses only if the straight-line distance between the work site and the residence exceeded fifty miles. Under any reasonable interpretation of the contract language, TVA was not responsible to pay Beene's living expenses: the straight-line distance and the most direct driving distance were both less than fifty miles, and Part 21 cannot reasonably argue that the district court should have considered the distance of Beene's preferred route.
 
 
 8
 Pursuant to section 14 of the contract, TVA may not disclose to third parties certain information it acquires from Part 21. Nevertheless, section 15 gave TVA the right to use the computer software program that Part 21 developed under the contract. Part 21 contends that TVA violated section 14 by disclosing Part 21's software program to third parties. The district court explained that, although certain third parties may have had opportunities to acquire the software, Part 21 failed to come forward with any evidence that an actual disclosure took place. On appeal, Part 21 again fails to point to any evidence in the record that TVA violated section 14 by disclosing the software program to third parties.
 
 
 9
 TVA gave a fee award of 5.85 percent to Part 21. Part 21 argues that it is entitled to a higher fee award. According to section 4(J) of the contract, TVA could determine the amount of a fee award "in its sole discretion to be appropriate." On appeal, Part 21 argues that TVA's evaluation of Part 21's performance when determining the fee award was faulty because TVA performed the evaluation after Part 21 filed this lawsuit, because a new TVA employee conducted the evaluation, and because TVA did not evaluate Part 21's original product but rather the work product that TVA had modified. In rejecting Part 21's arguments, the district court emphasized that the contract allowed TVA to determine the fee award in its sole discretion. Moreover, the court found no evidence of dishonest, willful, or wanton misconduct that would suggest that TVA made its determination in bad faith. We agree with the district court that Part 21 failed as a matter of law to present any evidence that TVA exercised its sole discretion in bad faith.
 
 
 10
 Pursuant to section 42(A)(2) of the contract, TVA could terminate the performance of any task if it determined that a termination was in its best interest. If TVA terminated a task pursuant to section 42(A)(2), however, Part 21 was entitled to certain costs and fees under section 42(E). Part 21 contends that TVA terminated the contract under section 42 and that TVA must pay certain costs and fees. We agree with the district court that Part 21 failed to present evidence that TVA terminated the contract pursuant to that section. Section 1(A) provides that "TVA does not guarantee that any minimum amount of services will be requested." According to section 2(A)(3), Part 21 could not exceed the agreed schedule for a task "without the express authorization of the contract officer by issuance of a revised task assignment order." Section 8(B) requires a writing to modify an order. TVA issued only one order with an original ending date of October 30, 1989, and the parties later extended the ending date to January 31, 1990. Part 21 states that a TVA employee orally agreed to extend the term of the order beyond January 31; however, Part 21 cannot point to any evidence in the record to prove that this employee had authority as a contract officer to approve such an extension. Moreover, as the district court explained, Part 21 offered no proof of any written revision of the order that extended the term beyond January 31.
 
 
 11
 In short, the district court carefully addressed all issues with sound reasoning and correctly granted summary judgment in favor of TVA. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation